**MAGISTRATE'S CRIMINAL MINUTES**

**ARRAIGNMENT**
**PLEA AND**
**SENTENCE**



Time in Court: ____ Hrs  **15** Min

Filed in Open Court:   Date: 3/**22**/2021   Time: **10:00**   Tape: ~~FTR~~ **Zoom**

Magistrate (presiding): __Christopher C. Bly__   Deputy Clerk: __James Jarvis__

Case Number: 3:21-cr-4   Defendant's Name: Robert Purbeck
AUSA: **Mike Herskowitz + Nathan Kitchens**   Defendant's Attorney: Andrew Hall
USPO/PTR: ____   Type Counsel: (✓) Retained ( ) CJA ( ) FPD

____ ARREST DATE: ____
____ INTERPRETER: ____
____ INITIAL APPEARANCE HEARING. ( ) In THIS DISTRICT    Dft in custody? ( ) Yes  ( ) No
✓ Defendant advised of right to counsel.   ( ) WAIVER OF COUNSEL filed.
____ ORDER appointing Federal Defender Program as counsel. ( ) INITIAL APPEARANCE ONLY.
____ ORDER appointing ____ as counsel.
____ ORDER giving defendant ____ days to employ counsel (cc: served by Mag CRD)
____ Dft to pay attorney fees as follows:
____ INFORMATION/COMPLAINT filed.          ____ WAIVER OF INDICTMENT filed.
✓ Copy indictment/information given to dft? (X) Yes   ( ) No    Read to dft? ( ) Yes   ( ) No   (X) Prior to Hrg
____ CONSENT TO TRIAL BEFORE MAGISTRATE (Misd / Petty) offense filed.
✓ ARRAIGNMENT HELD.(✓) indictment / information          ( ) Dft's WAIVER of appearance filed.
____ Arraignment continued to ____ at ____ Request of ( ) Govt   ( ) Dft
____ Dft failed to appear for arraignment.   Bench warrant issued ____
✓ Dft enters PLEA OF NOT GUILTY. ( ) Dft stood mute; plea of NOT GUILTY entered. ( ) Waiver of appearance.
____ MOTION TO CHANGE PLEA, and order allowing same.
✓ ASSIGNED TO JUDGE **TCB**   for ( ) trial   ( ) arraignment/sentence.
✓ ASSIGNED TO MAGISTRATE **RGV**   for pretrial proceedings.
✓ Estimated trial time: ____ days.   ( ) SHORT   (✓) MEDIUM   ( ) LONG
____ PRE-SENTENCE INVESTIGATION filed. Referred to USPO for PSI and continued until ____ at ____ for sentencing.

Order

Pursuant to the Due Process Protections Act, *see* Fed. R. Crim. P. 5(f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady*; *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence.

The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.