IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. |
| | : | 3:21-CR-0004-TCB-RGV |
| ROBERT PURBECK | : | |

## MOTION FOR LEAVE OF COURT TO FILE SUPPLEMENTAL MOTION TO SUPPRESS REGARDING SEARCHES AND SEIZURES ARISING FROM GOVERNMENT'S AUGUST 21, 2019 SEARCH OF DEFENDANT'S HOME

Defendant Robert Purbeck hereby respectfully moves for leave of Court to file a supplemental motion to suppress regarding the search warrant issued for his residence. This supplemental motion would supplement the motion to suppress that he has previously filed, which the Magistrate Court has already denied. Mr. Purbeck's motion to suppress, the Magistrate Court's Report and Recommendation (the "R&R"), and Mr. Purbeck's objections to the R&R are pending before this Court. In further support of this motion to leave, Mr. Purbeck respectfully submits as follows.

On December 13, 2021, Mr. Purbeck filed a "Motion to Suppress Searches and Seizures Arising from August 21, 2019 Search of Defendant's Home" [Doc. 26]. On January 14, 2022, Mr. Purbeck filed an amended motion to suppress the searches and seizures at his home [Doc. 38]. On January 31, 2022, the government

filed its response in opposition to Mr. Purbeck's motion to suppress. On February 22, 2022, Mr. Purbeck filed his reply brief in support of the motion to suppress [Doc. 47]. That concluded the briefing on Mr. Purbeck's motion to suppress the searches and seizures as his home. Thereafter, on May 18, 2023, the Magistrate Court issued its Report and Recommendation denying Mr. Purbeck's motion [Doc. 87], to which Mr. Purbeck has objected [Doc. 92].

On November 29, 2022, the Eleventh Circuit issued its decision in <u>United States v. Vedrine</u>, No. 20-13259, 2022 WL 17259152 (11th Cir. Nov. 29, 2022). When discussing the search and extraction of data from a cellphone based on a search warrant, the Eleventh Circuit in <u>Vedrine</u> stated, "[b]ased on the plain language of the rule, we agree with our sister circuits that once the data is seized **<u>and extracted</u>** by law enforcement, the warrant is considered executed for purposes of Rule 41, and under Rule 41(e)(2)(B), law enforcement may analyze that data at a later date." <u>Vedrine</u>, <u>supra</u>, at *6 (emphasis added).

The Eleventh Circuit's recent decision in <u>Vedrine</u> is of particular significance because it conflicts with this Court's older decision in <u>United States v. Dixon</u>, No.: 3:20-cr-3-TCB, 2021WL1976679 (N.D. Ga. May 18, 2021). In <u>Dixon</u>, this Court held that the government's two-year delay in searching the defendant's I-phone was not unreasonable given that it was password protected and the defendant had not provided the government with the password. <u>Dixon</u>, <u>supra</u>, at *2.

2

In contrast to Dixon, Mr. Purbeck had provided his passwords to the government. Even more importantly, however, subsequent to Dixon, the Eleventh Circuit decided Vedrine. And it is in Vedrine that the Eleventh Circuit stated, "[b]ased on the plain language of the rule, we agree with our sister circuits that once the data is seized **and extracted** by law enforcement, the warrant is considered executed for purposes of Rule 41, and under Rule 41(e)(2)(B), law enforcement may analyze that data at a later date. Vedrine, supra, at *6 (emphasis added). As set forth in the proposed supplemental motion to suppress, Mr. Purbeck's submits that the government did not seize and extract the data from his computers and other devices within the time frame required by Vedrine.

Mr. Purbeck is requesting leave of Court to file a supplemental motion to supplement his motion to suppress the searches and seizures arising from his home to raise the issue of the government's failure to timely extract the data from his computers, hard-drives, phones, storage devices, whatever medium on which the data was stored, all which were illegal under the Eleventh Circuit's 2022 decision in Vedrine, supra – a decision that was issued well after briefing on his motion to suppress had already been completed.

WHEREFORE, Mr. Purbeck requests that the Court grant this motion and grant him leave to file a supplemental motion to suppress regarding the

government's searching and extracting data from his computers/storage devices/etc. more than 14 days after the search warrant was issued.

A copy of the motion to suppress that Mr. Purbeck proposes to file if leave of Court is granted is attached hereto as Exhibit 1.

Respectfully submitted, this 26th day of July, 2023.

/s/ *Andrew C. Hall*_____
Andrew C. Hall
Georgia Bar No. 318025
Hall Hirsh Hughes, LLC
150 E. Ponce de Leon Ave., Suite 450
Decatur, Georgia 30030
404/638-5880 (tel.)
404/638-5879 (fax)
andrew@h3-law.com
*Counsel for Defendant Robert Purbeck*

# CERTIFICATE OF COMPLIANCE WITH TYPE AND FONT
# AND CERTIFICATE OF SERVICE

I hereby certify that this motion has been prepared in Times New Roman font (14 pt.) and consistent with the Local Rules of this Court.

I further hereby certify that I have this date caused a true and correct copy of the foregoing MOTION FOR LEAVE OF COURT TO FILE SUPPLEMENTAL MOTION TO SUPPRESS REGARDING SEARCHES AND SEIZURES ARISING FROM GOVERNMENT'S AUGUST 21, 2019 SEARCH OF DEFENDANT'S HOME to be served by filing it with the Clerk of Court and emailing separately to:

Assistant United States Attorney Michael Herskowitz and Alex Sistla

This 26th day of July, 2023.

/s/ Andrew C. Hall
Andrew C. Hall