IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. |
| | : | 3:21-CR-0004-TCB-RGV |
| ROBERT PURBECK | : | |

## MOTION TO SUPPRESS 2023 SEARCHES of I-PHONES

Defendant Robert Purbeck hereby moves to suppress the results and fruits of the recent searches of his I-phone 8 plus (the "I-phone 8") and I-phone 7 (the "I-phone 7") that the government conducted. In further support of this motion, Mr. Purbeck respectfully submits as follows.

On July 7, 2023, Mr. Purbeck retrieved from the government additional discovery on a hard-drive regarding searches of the I-phone 8 and the I-phone 7 that the government had recently conducted. Upon reviewing the new discovery, Mr. Purbeck learned that beginning on May 30, 2023 and May 31, 2023, the government made efforts to search and extract data from these two I-phones, both of which belong to Mr. Purbeck and which the government has had in its possession since August 21, 2019 – the day the government searched Mr. Purbeck's residence. As best as Mr. Purbeck can tell, the government has held these two I-phones for the past 3.5+ years and only now has attempted to search those I-phones. The government has not provided, and Mr. Purbeck is not aware

of, a new search warrant that the government obtained authorizing these 2023 searches.

Accordingly, Mr. Purbeck believes that the government is proceeding under the belief that its searches and data extractions in 2023 were authorized by the search warrant issued by the United States District Court of Idaho on August 19, 2019 for the search of Mr. Purbeck's residence, and which the government used to take physical possession of those phones on August 21, 2019. (See Search Warrant No. 1:19-mj-10519-REB (United States District Court for the District of Idaho); a copy of which is attached to Mr. Purbeck's December 13, 2021 Notice of Filing as Exhibit F). Because Mr. Purbeck submits that the 2019 search warrant does not provide legal authority to search those I-phones (or anything else) in 2023, and there is no other lawful basis for the government to conduct the searches it has recently conducted, he respectfully moves to suppress the searches of his I-phones and the fruits of those searches.

From the discovery recently produced by the government, Mr. Purbeck has learned that, on May 30, 2023, the government began its attempt to access and extract the contents of the I-phone 8 and, the following day (May 31, 2023), it began its attempt to access and extract the contents of the I-phone 7. (See Exhibit AA for the I-phone 8 and Exhibit BB for the I-phone 7, both exhibits attached hereto). Yet, the government seized both phones on August 21, 2019, during the

search of Mr. Purbeck's home. And, as far as Mr. Purbeck can tell, the government took no steps to access the I-phone 8 and the I-phone 7 from August 21, 2019 until May 30, 2023, a span of over 3.5 years.

Federal Rule of Criminal Procedure 41(e) requires that a search warrant be executed "within a specified time no longer than 14 days." Fed. R. Crim. P. 41(e). As the Eleventh Circuit recently held in United States v. Vedrine, No. 20-13259, 2022 WL 17259152 (11th Cir. Nov. 29, 2022), when discussing the extraction of data from a cellphone, "[l]aw enforcement complied with Rule 41(e) and completed the data extraction within Rule 41(e)(2)(A)(i)'s 14-day timeline." Id. at *5. "Based on the plain language of the rule, we agree with our sister circuits that once the data is seized **and extracted** by law enforcement, the warrant is considered executed for purposes of Rule 41, and under Rule 41(e)(2)(B), law enforcement may analyze that data at a later date." Vedrine, supra, at *6 (emphasis added).

In contrast to the facts of Vedrine, however, here law enforcement seized the physical phones, but did not extract any data from the phones until over 3.5 years later. Accordingly, law enforcement did not execute the searches of the phones within the 14 days required by Federal Rule of Criminal Procedure 41, much less by August 30, 2019, which is the date required by the search warrant. (See Exhibit F to Purbeck's December 13, 2021 Notice of Filing).

The Eleventh Circuit's recent decision in Vedrine is of particular significance here because it conflicts with this Court's older decision in United States v. Dixon, No.: 3:20-cr-3-TCB, 2021WL1976679 (N.D. Ga. May 18, 2021). In Dixon, this Court held that the government's two-year delay in searching the defendant's I-phone was not unreasonable given that it was password protected and the defendant had not provided the government with the password. Dixon, supra, at *2. In contrast to Dixon, Mr. Purbeck had provided his passwords to the government. Additionally, subsequent to Dixon, Vedrine has been decided, in which the Eleventh Circuit stated, "[b]ased on the plain language of the rule, we agree with our sister circuits that once the data is seized **and extracted** by law enforcement, the warrant is considered executed for purposes of Rule 41, and under Rule 41(e)(2)(B), law enforcement may analyze that data at a later date. Vedrine, supra, at *6 (emphasis added).

Here, the government did not seize and extract the contents of the I-phone 8 and the I-phone 7 within 14 days of the date the search warrant was issued, much less by August 30, 2019 – the time set by the judge who issued the search warrant for Mr. Purbeck's home. Instead, they sat on the phones for over 3.5 years before finally extracting the contents of the two phones, and Mr. Purbeck's position is that such a lengthy delay is unreasonable, violates Rule 41, violates the terms of the search warrant, and violates the requirements of Vedrine. Accordingly, the Court

should suppress the searches of the I-phone 8 and the I-phone 7, and any fruits thereof.

Furthermore, even had law enforcement extracted the phones' data within 14 days (which they did not do) or even if somehow seizing the phones but not extracting the data can be construed as timely execution of the search warrant (which Mr. Purbeck submits under Vedrine it cannot be so construed), law enforcement did not act within a reasonable period of time in extracting any information from the phones and it did not act within a reasonable period of time in forensically analyzing any such data. Waiting 3.5 years to extract, much less analyze, the data from the I-phone 8 and I-phone 7 is unreasonable under the Fourth Amendment and provides yet another basis to suppress the searches of both phones and the information gleaned therefrom. See Vedrine, supra, at *5-6 (the Eleventh Circuit specifically noting that, assuming arguendo that any seized data must be reviewed in a reasonable period of time, the "review of data within a matter of weeks" is "clearly different" from a 15-month delay that the district court found unreasonable in United States v. Metter, 860 F. Supp. 2d 205, 212 (E.D.N.Y. 2012)). Here, the delay is more than a matter of weeks (see Vedrine, supra, at *5-6), the delay is more than 15 months (see Metter, 860 F. Supp. 2d at 212-216), the delay is over 3.5 years since seizure and over 2 years since indictment. Under

either timeline, the delay in extracting and analyzing the data is unconstitutionally unreasonable.

Additionally, Mr. Purbeck has sought the return of his property, including but not limited to the return of the I-phone 8 and the I-phone 7. No later than January 31, 2021, Mr. Purbeck had filed a motion pursuant to Federal Rule of Criminal Procedure 41 seeking the return of his property. (See Doc. 2 in 1:21-CV-0047-BLW (District of Idaho)). Also, to the extent the government may contend, as it apparently has in response to his civil filings, that his interest in his property has been diminished by virtue of his property being listed as subject to forfeiture in the indictment in this case, Mr. Purbeck respectfully submits that the government cannot know whether something is subject to forfeiture when it has not even searched it before claiming it is forfeitable. Accordingly, his interest in his property is undiminished.

As the Eleventh Circuit noted long before Vedrine, "[c]omputers are relied upon heavily for personal and business use. Individuals may store personal letters, e-mails, financial information, passwords, family photos, and countless other items of a personal nature in electronic form on their computer hard drives. Thus, the detention of the hard drive for over three weeks before a warrant was sought constitutes a significant interference with [the defendant's] possessory interest." United States v. Mitchell, 565 F.3d 1347, 1350–51 (11th Cir. 2009). Phones, of

course, are simply mini-computers that contain all of the same types of personal information that the government should not be allowed to keep without lawful grounds. Here, the government failed to extract the contents of the I-phones in a timely fashion, and they failed to examine the contents of the I-phones in a timely fashion.

Mr. Purbeck requests that the Court hold an evidentiary hearing on this motion and thereafter grant this motion and suppress all evidence arising from these searches.

In addition to the above grounds for suppressing the searches of the I-phone 8 and the I-phone 7, Mr. Purbeck hereby raises again and incorporates by reference the arguments he previously made in his motions to suppress and post-hearing briefs as they relate to these 2023 searches of his phones. [See Docs. 25, 26, 38, 47, 80, 85]. The Magistrate Court has already ruled against him on these latter grounds [Doc. 87], which ruling is the subject of his objections to the Report and Recommendation [Doc. 92]. Nonetheless, Mr. Purbeck incorporates by reference those same arguments previously made, and on which the Court previously ruled against him, in this motion to suppress, as well.

Mr. Purbeck respectfully requests the opportunity to amend and supplement this motion as appropriate.

WHEREFORE, Mr. Purbeck respectfully requests that the Court (1) hold an evidentiary hearing on all matters raised in his motion to suppress and any others that may be developed at the hearing, (2) establish a briefing schedule for all parties to address the issues raised in this motion to suppress and developed at the evidentiary hearing, and (3) thereafter grant this motion and suppress and exclude from evidence any and all information, material, items, or evidence gathered from the illegal detentions, searches, seizures and interrogations detailed in this motion.

Respectfully submitted, this 20th day of July, 2023.

/s/ *Andrew C. Hall*_____
Andrew C. Hall
Georgia Bar No. 318025
Hall Hirsh Hughes, LLC
150 E. Ponce de Leon Ave., Suite 450
Decatur, Georgia 30030
404/638-5880 (tel.)
404/638-5879 (fax)
andrew@h3-law.com
*Counsel for Defendant Robert Purbeck*

## CERTIFICATE OF COMPLIANCE WITH TYPE AND FONT
## AND CERTIFICATE OF SERVICE

I hereby certify that this motion has been prepared in Times New Roman font (14 pt.) and consistent with the Local Rules of this Court.

I further hereby certify that I have this date caused a true and correct copy of the foregoing MOTION TO SUPPRESS 2023 SEARCHES of I-PHONES to be served by filing it with the Clerk of Court and emailing separately to:

Assistant United States Attorney Michael Herskowitz and Alex Sistla

This 20th day of July, 2023.

/s/ Andrew C. Hall
Andrew C. Hall