IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT PURBECK<br> A.K.A. "LIFELOCK"<br> A.K.A. "STUDMASTER"<br> A.K.A. "STUDMASTER1" | Criminal Action No.<br><br>3:21-cr-004-TCB-RGV |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MOTION TO SUPPRESS**

The United States of America, by Ryan K. Buchanan, United States Attorney, Michael Herskowitz, Nathan P. Kitchens, and Alex R. Sistla, Assistant United States Attorneys for the Northern District of Georgia, and Brian Z. Mund, Trial Attorney of the Department of Justice's Computer Crime and Intellectual Property Section, files this response in opposition to Defendant Robert Purbeck's Motion For Leave To File Supplemental Motion to Suppress Regarding Searches and Seizures Arising from Government's August 21, 2019 Search of Defendant's Home (Doc. 97). The Court should deny Purbeck's motion as untimely filed without good cause.

## Introduction[1]

On July 26, 2023, Purbeck filed the instant motion for leave to file a supplemental motion to suppress. (Doc. 97.)[2] In his motion, Purbeck argues that an unpublished per curiam opinion from November 2022 changed Eleventh Circuit law such that the Government's searches of all of Purbeck's electronic devices were illegal, and that he should be permitted to raise his belated argument because the Eleventh Circuit decision was issued after Purbeck filed his initial motion to suppress. (Doc. 97 at 3.)

## Argument

### A. Purbeck's Supplemental Motion to Suppress Is Untimely.

Purbeck's motion to suppress, for which he seeks leave to file over a year and half after his motions were due, is untimely.

Under Federal Rule of Criminal Procedure 12, a defendant must raise a motion to suppress evidence prior to trial and within the deadline set by the Court. Fed. R. Crim. P. 12(b)(3)(C) & 12(c). If a motion to suppress is not timely raised, the party waives the defense unless the defendant shows good cause. Fed. R. Crim. P. 12(c)(3); *see also United States v. Mwangi*, No. 109-CR-107-TWT, 2010 WL 520793, at *5 (N.D. Ga. Feb. 5, 2010).

Purbeck's belated supplemental motion raises objections to the timing of the search of his devices that he could have—but chose not to—raise previously.

---

[1] The procedural history in this case is set forth in the Government's opposition to Purbeck's Motion to Suppress 2023 Searches of iPhones and is incorporated by reference as if fully set forth herein. (Doc. 101.)

[2] At a telephone conference dated August 2, 2023, the Court ordered that the Government file its response by September 7, 2023. (Doc. 98.)

Pursuant to the court's scheduling order, Purbeck's pretrial motions were due on December 13, 2021. (Doc. 24.) Purbeck failed to raise in his December 2021 motions any concern about the Government taking more than 14 days to extract electronically stored data from devices seized in August 2019. He also failed to raise any such issue in his amended motions to suppress in January 2022, his post-hearing brief in February 2023, or his objections in June 2023. Absent a showing of good cause, Purbeck's argument as to the timeliness of the review of the devices seized from his residence should be deemed untimely and waived. *Mwangi*, 2010 WL 520793, at *5 ("Neither the government nor the Court were on notice that [defendant] challenged his statements as fruits of a purported Fourth Amendment violation and he will not be heard to raise such a claim after the evidentiary hearing record is closed.").

**B. Purbeck Failed To Show Good Cause For His Untimely Motion.**

Purbeck contends that his untimely motion is justified by good cause because the Eleventh Circuit decided *United States v. Vedrine*, No. 20-13259, 2022 WL 17259152 (11th Cir. Nov. 29, 2022), "well after briefing on his motion to suppress had already been completed."[3] (Doc. 97 at 3.) *Vedrine* is of "particular significance," Purbeck argues, because the decision "conflicts" with previous decisions by this Court. (*Id.*)

*Vedrine* does not provide good cause for Purbeck's untimely motion. As set out in the Government's response to Purbeck's Motion to Suppress 2023 Searches

---

[3] At the August 2, 2023, telephone conference before the Court, defense counsel stated that he recently discovered *Vedrine*, after the filing of the post-hearing brief in February 2023 and after the filing of Purbeck's objections to the Court's Report and Recommendation in June 2023.

of I-Phones (Doc. 101), *Vedrine* did not revolutionize settled law or otherwise provide any other justification for Purbeck's untimely motion. Instead, *Vedrine* is consistent with prior judicial decisions in this district as well as those of every other court of which the Government is aware to have interpreted the plain language of Federal Rule of Criminal Procedure Rule 41(e)(2)(B).

Purbeck points to the Eleventh Circuit's observation that, consistent with the plain language of Rule 41 and the interpretations of other appellate courts, data that is seized and extracted by law enforcement is considered executed for purposes of Rule 41, and the data may be analyzed at a later date. (Doc. 97 at 2, 3.) Indeed, because warrants may be executed by either seizure or copying of devices or electronic data, once data is seized and extracted pursuant to a warrant, that warrant is unquestionably executed. Fed. R. Crim. P. 41(e)(2)(B) ("The time for executing the warrant . . . refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review.")

Purbeck's proposed interpretation of *Vedrine*—that warrants are only executed when data is extracted—is unsound. His interpretation conflicts with reasoning in *Vedrine*, every other known judicial opinion to address the question, and the plain language of Rule 41. Accordingly, Purbeck's invocation of *Vedrine* does not provide good cause for his untimely motion, and Purbeck's motion for leave to file his supplemental motion should be denied.

## Conclusion

For the foregoing reasons, the Court should deny Purbeck's motion for leave to file a supplemental motion to suppress.

Respectfully submitted,

RYAN K. BUCHANAN
  *United States Attorney*

*Michael Herskowitz*

/s/MICHAEL HERSKOWITZ
  *Assistant United States Attorney*
Georgia Bar No. 349515
600 U.S. Courthouse
75 Ted Turner Dr. SW
Atlanta, GA 30303
404-581-6000
michael.herskowitz@usdoj.gov

ALEX R. SISTLA
  *Assistant United States Attorney*
Georgia Bar No. 845602
alex.sistla@usdoj.gov

NATHAN P. KITCHENS
  *Assistant United States Attorney*
Georgia Bar No. 263930
nathan.kitchens@usdoj.gov

BRIAN Z. MUND
  *Trial Attorney, U.S. Department of Justice Computer Crime and Intellectual Property Section*
CA Bar No. 324699
brian.mund@usdoj.gov