IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. |
| | : | 3:21-CR-0004-TCB-RGV |
| ROBERT PURBECK | : | |

# **REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE OF COURT TO FILE SUPPLEMENTAL MOTION TO SUPPRESS REGARDING SEARCHES AND SEIZURES ARISING FROM GOVERNMENT'S AUGUST 21, 2019 SEARCH OF DEFENDANT'S HOME**

Defendant Robert Purbeck hereby files his reply brief in support of his motion for leave to file a supplemental motion to suppress regarding searches and seizures arising from the government's August 21, 2019 search of his home. (Doc. 97).

Based on the language of United States v. Vedrine, No. 20-13259; No. 21-13624, 2022 WL 17259152 (11th Cir. Nov. 29, 2022), Mr. Purbeck's position has been that the government must complete its search of the seized computer/cellphone/media device within the 14 days called for by Federal Rule of Criminal Procedure 41. Specifically, the Eleventh Circuit Court of Appeals held, "we agree with our sister circuits that once the data is seized **and extracted** by law enforcement, the warrant is considered executed for purposes of Rule 41, and

under Rule 41(e)(2)(B), law enforcement may analyze that data at a later date." Vedrine, supra, at *6 (emphasis added).

The government's response in opposition to Mr. Purbeck's position is that Mr. Purbeck has "misread" Vedrine, even though Mr. Purbeck simply is reading the Eleventh Circuit's opinion as literally written. See id. According to the government, so long as it has seized the device within 14 days of the warrant's issuance, it has complied with Rule 41, even though it may not actually extract or search that device until some future date. See United States v. Dixon, No.: 3:20-cr-3-TCB-RGV, 2021WL 1976679 (N.D. Ga. May 18, 2021); United States v. Dixon, No.: 3:20-cr-3-TCB-RGV, 2021 WL 2327063 (N.D. Ga. April 15, 2021).

If the government's reading of Vedrine is correct, then the Court should deny this specific motion for leave to file a supplemental motion. However, if Mr. Purbeck's reading of Vedrine is correct, then the Court should grant him leave to file a supplemental motion and raise the issue set forth in Vedrine. What the Court should not do is find that Mr. Purbeck's reading of Vedrine is correct but deny Mr. Purbeck the right to raise this issue simply because his undersigned counsel did not know about, or raise to the Court, the Vedrine decision until July, 2023. If Mr. Purbeck's reading of Vedrine is correct, then the Court should give him an opportunity to have the issue addressed substantively.

Respectfully submitted, this 6th day of October, 2023.

/s/ *Andrew C. Hall*_____
Andrew C. Hall
Georgia Bar No. 318025
Hall Hirsh Hughes, LLC
150 E. Ponce de Leon Ave., Suite 450
Decatur, Georgia 30030
404/638-5880 (tel.)
404/638-5879 (fax)
andrew@h3-law.com
*Counsel for Defendant Robert Purbeck*

# CERTIFICATE OF COMPLIANCE WITH TYPE AND FONT AND CERTIFICATE OF SERVICE

I hereby certify that this motion has been prepared in Times New Roman font (14 pt.) and consistent with the Local Rules of this Court.

I further hereby certify that I have this date caused a true and correct copy of the foregoing REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE OF COURT TO FILE SUPPLEMENTAL MOTION TO SUPPRESS REGARDING SEARCHES AND SEIZURES ARISING FROM GOVERNMENT'S AUGUST 21, 2019 SEARCH OF DEFENDANT'S HOME to be served by filing it with the Clerk of Court and emailing separately to:

Assistant United States Attorney Michael Herskowitz and Alex Sistla

This 6th day of October, 2023.

/s/ Andrew C. Hall
Andrew C. Hall