ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

# GUILTY PLEA and PLEA AGREEMENT

MAR 19 2024

Northern District of Georgia

KEVIN P. WEIMER, Clerk
By _____ Deputy Clerk

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION
### CRIMINAL NO.: 3:21-cr-00004-TCB-RGV

The United States Attorney for the Northern District of Georgia and the Acting Assistant Attorney General for the Criminal Division of the Department of Justice ("the Government") and Defendant ROBERT PURBECK, a.k.a. Lifelock, a.k.a. Studmaster, a.k.a. Studmaster 1, enter into this Plea Agreement as set forth below in Part IV pursuant to Rules 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure. ROBERT PURBECK, Defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby pleads GUILTY to Counts One and Two of the Indictment.

## I.  ADMISSION OF GUILT

1. The Defendant admits that he is pleading guilty because he is in fact guilty of the crimes charged in Counts One and Two of the Indictment.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2. The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to

confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

3. The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

4. By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

5. The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

6. Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

## III.   ACKNOWLEDGMENT OF PENALTIES

7. The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

**As to Count One**

a. Maximum term of imprisonment: 5 years.

b. Mandatory minimum term of imprisonment: None.

c. Term of supervised release: 0 to 3 years

d. Maximum fine: $250,000.00, due and payable immediately.

e. Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

f. Mandatory special assessment: $100.00, due and payable immediately.

g. Forfeiture of any personal property that was used or intended to be used to commit or to facilitate the commission of the offense; and any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

**As to Count Two**

a. Maximum term of imprisonment: 5 years.

b. Mandatory minimum term of imprisonment: None.

c. Term of supervised release: 0 to 3 years

d. Maximum fine: $250,000.00, due and payable immediately.

e. Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

f. Mandatory special assessment: $100.00, due and payable immediately.

g.  Forfeiture of any personal property that was used or intended to be used to commit or to facilitate the commission of the offense; and any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

8. The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in the above paragraph and that no one can predict his exact sentence at this time.

9. REMOVAL FROM THE UNITED STATES: The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to this offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

4

## IV.   PLEA AGREEMENT

The Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### Dismissal of Counts

10. The Government agrees that, upon the entry of the Judgment and Commitment Order, any and all remaining counts in the above-styled case still pending against the Defendant shall be dismissed pursuant to Standing Order No. 07-04 of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure. The Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

### No Additional Charges

11. The United States Attorney for the Northern District of Georgia and the Acting Assistant Attorney General for the Criminal Division of the Department of Justice agree not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

### Factual Basis

12.    The parties agree that if this case went to trial, the Government would prove by admissible evidence and beyond reasonable doubt the following facts:

5

a.  Family Medical Center ("FMC"), which is identified in the Indictment as "Victim-1," is a medical clinic located in Griffin, Georgia, within the Northern District of Georgia.  FMC maintained a repository of personally identifiable information (PII) and confidential personal health information (PHI), to include patient records, full names, addresses, social security numbers, and birth dates. This information was confidential and stored on restricted, nonpublic servers located in Griffin, Georgia and elsewhere.

b.  On or about June 23, 2017, the Defendant purchased access to the computer server of FMC on a darknet marketplace.

c.  On or about June 25, 2017, the Defendant, from Idaho, used these stolen access credentials to gain unauthorized access to protected computers of FMC, maintained unauthorized access to those computers, and stole medical records and other documents, which contained sensitive PII and PHI of over 43,489 individuals, including names, addresses, birth dates, and social security numbers.  FMC suffered losses associated with the breach in the amount of $138,500.00.

d.  On or about February 9, 2018, the Defendant purchased access to a City of Newnan, Georgia Police Department server on a darknet marketplace.

e.  From Idaho, the Defendant then used the access credentials to gain unauthorized access to the City of Newnan computer systems, maintained unauthorized access to those computers, and stole records consisting of police reports and documents, which included PII for approximately 14,394 individuals. The City of Newnan suffered losses associated with the breach in the amount of $113,935.00.

f.  On August 19, 2019, Federal Bureau of Investigation (FBI) agents obtained a federal search warrant for the Defendant's home in Meridian, Idaho.  Upon

execution of the warrant two days later, the Defendant admitted that he used the moniker "Lifelock" on the darknet and during various computer intrusions and extortions.

g. During the search of the Defendant's home, the FBI seized a number of computers and devices. A review of the Defendant's hard drive revealed PII for at least 132,725 individuals, obtained through numerous data breaches, including Family Medical Center and the City of Newnan, as well as at least 17 other victims throughout the United States.

h. In committing these computer intrusions against FMC and the City of Newnan, the Defendant executed computer commands from Idaho to other states, including Georgia, to connect to victim computers connected to the internet.

i. The offenses were committed for purposes of the Defendant's private financial gain.

j. The value of the information obtained exceeded $5,000 as to FMC and exceeded $5,000 as to the City of Newnan.

### <u>Sentencing Guidelines Recommendations</u>

13. Based upon the evidence currently known to the Government, the Government agrees to make the following recommendations and/or to enter into the following stipulations as to Counts One and Two of the Indictment:

**Base/Adjusted Offense Level**

14. The Government will recommend, and the Defendant agrees that:

a. The base offense level is six pursuant to U.S.S.G. Section 2B1.1(a)(2).

b.  A fourteen-level increase to the base offense level applies pursuant to U.S.S.G. Section 2B1.1(b)(1)(H) as the loss amount is more than $550,000 but no more than $1,500,000.

c.  A two-level enhancement applies pursuant to U.S.S.G. Section 2B1.1(b)(2)(A) since the offense involved 10 or more victims.

d.  A two-level enhancement applies pursuant to U.S.S.G. Section 2B1.1(b)(10)(C) since the offense involved sophisticated means and the Defendant intentionally engaged in or caused the conduct constituting sophisticated means.

e.  A two-level enhancement applies pursuant to U.S.S.G. Section 2B1.1(b)(18) as the Defendant was convicted of an 18 U.S.C. Section 1030 offense and the offense involved an intent to obtain personal information.

f.  A two-level enhancement pursuant to U.S.S.G. Section 3B1.3 (special skill) does not apply because the two-level sophisticated means enhancement pursuant to U.S.S.G. Section 2B1.1(b)(10)(C) will be applied.  If, however, the sophisticated means enhancement is ultimately not applied by the Court, the parties agree in that case that the special skill enhancement, pursuant to U.S.S.G. Section 3B1.3 shall be applied.

g.  A two-level enhancement pursuant to U.S.S.G. Section 2B1.1(b)(3) (theft from a person of another) does not apply.

15. The Government will recommend that the Court apply both the two-level enhancement for the trafficking in an unauthorized access device, pursuant to

8

U.S.S.G. Section 2B1.1(b)(11), and the two-level enhancement for obstructing or impeding the administration of justice, pursuant to U.S.S.G. Section 3C1.1. The Defendant intends to object to the application of these two enhancements.

16. The Defendant will recommend that the Court apply a two-level reduction to his total offense level as a "zero-point offender," pursuant to U.S.S.G. Amendment Section 4C1.1. The Government intends to object to the application of the zero-point offender reduction.

**Acceptance of Responsibility**

17. The Government will recommend that the Defendant receive an offense level adjustment for acceptance of responsibility, pursuant to Section 3E1.1, to the maximum extent authorized by the guideline. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize the Defendant's involvement in relevant offense conduct, give conflicting statements about the Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

## Right to Answer Questions, Correct Misstatements, and Make Recommendations

18. The parties reserve the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to

respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the parties also reserve the right to make recommendations regarding application of the Sentencing Guidelines. The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed.

## Right to Modify Recommendations

19. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

## Sentencing Recommendations

**Specific Sentence Recommendation**

20. The Government agrees to recommend that the Defendant be sentenced to no more than 70 months in the custody of the Bureau of Prisons to be followed by a term of supervised release.

**Fine--No Recommendation as to Amount**

21. The Government agrees to make no specific recommendation as to the amount of the fine to be imposed on the Defendant within the applicable guideline range.

**Restitution**

22. The Defendant agrees to pay full restitution, plus applicable interest, in at least the amount of **$1,048,702.98** to the Clerk of Court for distribution to all victims of the offense(s) to which he is pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement. The Defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing. The Defendant also agrees to cooperate fully in the investigation of the amount of restitution, the identification of victims, and the recovery of restitution for victims.

23. In particular, the Defendant agrees to pay restitution to the following victims of the offense conduct:

| | |
|---|---|
| Andrea Yaley, DDS | $ 92,095.00 |
| City of Newnan | $ 113,935.00 |
| Nancy DeBoer | $ 400.00 |
| Family Medical Center | $ 138,500.00 |
| Golden Heart Administrative Professionals | $ 142,568.85 |
| Holland Eye Care | $ 130,174.00 |
| Simon Orthodontics | $ 285,980.13 |
| Ursa Farmers Co-Op | $ 145,050.00 |
| **Total** | **$ 1,048,702.98** |

**Forfeiture**

24. Paragraphs 24 through 31 are subject to and controlled by the dispositions of property in the Property Disposition Chart, attached hereto and incorporated as part of this Plea Agreement, and which lists the property subject to these paragraphs. The Defendant waives and abandons his interest in any property that may have been seized in connection with this case. The Defendant agrees to the administrative or judicial forfeiture or the abandonment of any seized property. The Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. The Defendant acknowledges that the United States will dispose of any seized property, and that such disposal may include, but is not limited to, the sale, release, or destruction of the seized property. The Defendant agrees to waive any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, a Section 2255 petition, habeas corpus, or any other means) to the seizure, forfeiture, and disposal of any property seized in this case on any grounds.

25. The Defendant acknowledges that he is not entitled to use forfeited assets to satisfy any fine, restitution, cost of imprisonment, tax obligations, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

**Disposal of Property**

26. Defendant acknowledges that he has an ownership interest in the following items of property that are in the lawful custody of the United States,

| Description | 1B# |
|---|---|
| DOCUMENTS AND NOTEBOOK | 1B140 |
| DOCUMENTS, PASSWORDS, CHECK REGISTER | 1B147 |
| DOCUMENTS - RECEIPTS | 1B155 |
| RECEIPTS-MAIL-NOTES | 1B158 |
| HANDWRITTEN NOTES | 1B170 |
| MISC DOCS | 1B171 |
| BLOCKCHAIN DOCUMENTS, OTHER | 1B172 |
| GIFT CARDS | 1B200-1B208 |
| DOCUMENTS | 1B153 |
| 2 MOTOROLA XT912 CELL PHONES - BLACK MOTOROLA DROID RAZOR XT912 | 1B164, 1B165 |
| IPHONE | 1B168 |
| 1 CD | 1B169 |
| CARD READER | 1B175 |
| MOBILE READER REGISTER | 1B176 |
| 3 DISKS | 1B178 |
| WCC4M5ZCLXNV MY CLOUD | 1B179 |
| BLACK IPHONE 8 A1905 WITH CASEMATE CASE | 1B183 |
| BLACK IPHONE 8 PLUS A1897 WITH OTTERBOX CASE | 1B188 |
| IPHONE 7 A1660 AND IMPACT STRONG CASE | 1B189 |
| ALCATEL CELL PHONE A574BL | 1B190 |
| 3 CELL PHONES | 1B194 |
| 2 SQUARE READERS | 1B169 |
| Dell Laptop SN 83733 (ACSO) | 1B162 |
| 2 STORAGE DEVICES WCC4E6VE56PR AND KUCJ05A156 | 1B191 |
| DELL LAPTOP BITCOIN MINER- DELL LATITUDE E5400 S/N BVX1LK1 | 1B142 |
| MAXTOR HARD DRIVE S/N E1K3JWBE | 1B145 |
| MAXTOR HARD DRIVE SN: E1JNSF3E | 1B146 |
| ACER ASPIRE LAPTOP SN: LXR4R0200203758A4 21601 | 1B149 |
| DELL LAPTOP SN: F1TSYB1 | 1B156 |
| BARACUDA SN 3T80KRM6 | 1B166 |

13

| | |
|---|---|
| 5 THUMB DRIVES | 1B169 |
| 8GB SANDISK | 1B169 |
| TOSHIBA LATOP SN 37251406K | 1B173 |
| HP LAPTOP SN 5CG3291267 | 1B174 |
| BARRACUDA SN 3J80K884 | 1B177 |
| WESTERN DIGITAL HARD DRIVE SN WCAZA3882835 | 1B177 |
| HP LAPTOP ELITE BOOK | 1B181 |
| HP Z240 TOWER SN ZVA6060RF1 | 1B184 |
| MAC BOOK PRO SN C02JKT67D853 | 1B185 |
| 4 MEMORY DEVICES | 1B186 |
| SONY LAPTOP SN #275268339019447 | 1B187 |
| SEAGATE SN 6RW1D0Z6 | 1B195 |
| RAVEN TOWER BS14140564RVZ01B0 | 1B196 |
| MICRO NICHE USB THUMB DRIVE | 1B197 |
| SEAGATE TOWER SN NA8B08G5 (HARD DRIVE) | 1B198 |
| USB DRIVES<br>DVD | 1B215 |
| 2 THUMB DRIVES,<br>SEAGATE HARDRIVE SN 9VP924SV | 1B167 |
| SEAGATE BACKUP PLUS HARD DRIVE P/N 2AWAP7-500 SN NA9W63A3; CORSAIR FLASH DRIVE SLIDER X1 128G | 1B199 |

27. Defendant understands that he has the right and opportunity to claim the listed property. Defendant hereby knowingly and voluntarily waives all right, title, and interest in the listed property. Defendant waives, releases, and withdraws any claim that Defendant has made with respect to the listed property, and waives and releases any claim that Defendant might otherwise have made to the listed property in the future.

28. Defendant consents to the vesting of title to the listed property to the United States Government, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. Defendant also consents to the destruction of the property,

or other disposition of the property in accordance with law, and without further notice to defendant.

29. Defendant waives any right Defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the abandonment, disposition, and/or destruction of the listed property.

30. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property, including any such claim for attorney's fees and litigation costs.

31. Defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

## Financial Cooperation Provisions

**Special Assessment**

32. The Defendant agrees that he will pay a special assessment in the amount of $200 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 18 Greenville Street, Newnan, Georgia 30264, by the day of sentencing. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney upon payment thereof.

**Fine/Restitution - Terms of Payment**

33. The Defendant agrees to pay any fine and/or restitution, plus applicable interest, imposed by the Court to the Clerk of Court for eventual disbursement to

15

the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should the Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by any legal means the Government deems appropriate. Finally, the Defendant and his counsel agree that the Government may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

**Financial Disclosure**

34. The Defendant agrees that the Defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any such asset worth more than $1,000.00 before sentencing, without the prior approval of the Government. The Defendant understands and agrees that the Defendant's failure to comply with this provision of the Plea Agreement should result in the Defendant receiving no credit for acceptance of responsibility.

35. The Defendant agrees to cooperate fully in the investigation of the amount of forfeiture, restitution, and fine; the identification of funds and assets in which

he has any legal or equitable interest to be applied toward forfeiture, restitution, and/or fine; and the prompt payment of restitution or a fine.

36. The Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addenda to said form deemed necessary by the Government, within ten days of the change of plea hearing; (B) submitting to a financial deposition or interview (should the Government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within his possession or control requested by the Government regarding his financial condition and that of his household; (D) fully and truthfully answering all questions regarding his past and present financial condition and that of his household in such interview(s); and (E) providing a waiver of his privacy protections to permit the Government to access his credit report and tax information held by the Internal Revenue Service.

37. So long as the Defendant is completely truthful, the Government agrees that anything related by the Defendant during his financial interview or deposition or in the financial forms described above cannot and will not be used against him in the Government's criminal prosecution. However, the Government may use the Defendant's statements to identify and to execute upon assets to be applied to the fine and/or restitution in this case. Further, the Government is completely free to pursue any and all investigative leads derived in any way from the interview(s)/deposition(s)/financial forms, which could result in the acquisition of evidence admissible against the Defendant in subsequent proceedings. If the Defendant subsequently takes a position in any

17

legal proceeding that is inconsistent with the interview(s)/deposition(s)/financial forms—whether in pleadings, oral argument, witness testimony, documentary evidence, questioning of witnesses, or any other manner—the Government may use the Defendant's interview(s)/deposition(s)/financial forms, and all evidence obtained directly or indirectly therefrom, in any responsive pleading and argument and for cross-examination, impeachment, or rebuttal evidence. Further, the Government may also use the Defendant's interview(s)/deposition(s)/financial forms to respond to arguments made or issues raised sua sponte by the Magistrate or District Court.

## Recommendations/Stipulations Non-binding

38. The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

## Limited Waiver of Appeal

39. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to,

motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court. Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

40. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

## **No Other Agreements**

41. There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this 19th day of March 2024

_____
SIGNATURE (Defendant's Attorney)
Andrew Hall

_____
SIGNATURE (Defendant)
Robert Purbeck

_____
SIGNATURE (Assistant U.S. Attorney)
Michael Herskowitz

_____
SIGNATURE (Assistant U.S. Attorney)
Nathan P. Kitchens

_____
SIGNATURE (Assistant U.S. Attorney)
Alex Sistla

_____
SIGNATURE (Trial Attorney, CCIPS)
Brian Mund

_____
SIGNATURE (Approving Official)
Stephen McClain

I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____    _____
SIGNATURE (Defendant)              DATE
Robert Purbeck

I am Robert Purbeck's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____     _____
SIGNATURE (Defendant's Attorney)     DATE
Andrew Hall

Hall Hirsh Hughes, LLC
150 East Ponce de Leon Avenue, #450
Decatur, Georgia 30030
404-638-5880 (tel.)
State Bar of Georgia No. 318025


Filed in Open Court

This 19th day of March 2024

By _____

22

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 3:21-cr-00004-TCB-RGV |
| DEFENDANT'S NAME: | ROBERT PURBECK |
| PAY THIS AMOUNT: | $200 |

Instructions:

1. Payment must be made by **certified check** or **money order** payable to:
   Clerk of Court, U.S. District Court
   **\*personal checks will not be accepted\***
2. Payment must be made to the clerk's office by the day of sentencing.
3. Payment should be sent or hand delivered to:
   Clerk, U.S. District Court
   18 Greenville Street
   Newnan, Georgia 30264
   (Do Not Send Cash)
4. Include the defendant's name on **certified check** or **money order.**
5. Enclose this coupon to insure proper and prompt application of payment.
6. Provide proof of payment to the above-signed AUSA within 30 days of the guilty plea.

| Description | 1B# | Disposition |
|---|---|---|
| Documents and Notebook | 1B140 | FBI to dispose |
| Documents, passwords, check register | 1B147 | FBI to dispose |
| Documents - receipts | 1B155 | FBI to dispose |
| Receipts-mail-notes | 1B158 | FBI to dispose |
| Handwritten notes | 1B170 | FBI to dispose |
| Misc docs | 1B171 | FBI to dispose |
| Blockchain documents, other | 1B172 | FBI to dispose |
| GIFT CARDS: | 1B200-1B208 | FBI to dispose |
| Documents | 1B153 | FBI to dispose |
| 2 MOTOROLA XT912 CELL PHONES - BLACK MOTOROLA DROID RAZOR XT912; | 1B164, 1B165 | FBI to dispose |
| IPHONE; | 1B168 | FBI to dispose |
| 1 CD; | 1B169 | FBI to dispose |
| CARD READER; | 1B175 | FBI to dispose |
| MOBILE READER REGISTER; | 1B176 | FBI to dispose |
| 3 DISKS; | 1B178 | FBI to dispose |
| WCC4M5ZCLXNV MY CLOUD; | 1B179 | FBI to dispose |
| BLACK IPHONE 8 A1905 WITH CASEMATE CASE; | 1B183 | Return to Purbeck |
| BLACK IPHONE 8 PLUS A1897 WITH OTTERBOX CASE; | 1B188 | FBI to dispose |
| IPHONE 7 A1660 AND IMPACT STRONG CASE; | 1B189 | Return to Ada County |
| ALCATEL CELL PHONE A574BL; | 1B190 | FBI to dispose |
| 3 CELL PHONES: | 1B194 | FBI to dispose |
| Passport for Robert Purbeck | 1B160 | Return to Purbeck |
| Business registration-Silk Alpaca | 1B161 | Return to Purbeck |
| 2 SQUARE READERS; | 1B169 | FBI to dispose |
| SEAGATE SN 9QM48C6F; | 1B127 | Returned to Purbeck |
| SEAGATE SN 9QM48JBV; | 1B128 | Returned to Purbeck |
| HITACHI DESK STAR MODEL HDS722580VL5A80; | 1B129 | Returned to Purbeck |
| GALAXY 2D SN 6QF39MSF; | 1B130 | Returned to Purbeck |
| QUANTUM SN 172933813920; | 1B131 | Returned to Purbeck |
| SEAGATE SN 5MO2N7KQ; | 1B132 | Returned to Purbeck |
| SEAGATE SN 3JT0P7YM; | 1B133 | Returned to Purbeck |
| HP INVENT SN 25D626T1FF; | 1B134 | Returned to Purbeck |
| CD A5D22C2225094; | 1B135 | Returned to Purbeck |
| CD  C:/ BACKUP 0024B3N306005; | 1B136 | Returned to Purbeck |
| CANON COMPACT FLASH TM CARD FC 16M; | 1B137 | Returned to Purbeck |
| CD CASH FLOW 202 C3122JK2322663LH; | 1B138 | Returned to Purbeck |
| SUPERDISK S/N AA9812154230M; | 1B139 | Returned to Purbeck |
| HP MINI LAPTOP S/N CNF005CHH7; | 1B141 | Returned to Purbeck |
| 3 Keys | 1B143 | Returned to Purbeck |
| 16 GIG MICRO SD CARD; | 1B144 | Returned to Purbeck |
| SONY LAPTOP SN: C3LPQ45Y; | 1B148 | Returned to Purbeck |

| | | |
|---|---|---|
| APPLE LAPTOP SN: WQ024D5JATM; | 1B150 | Returned to Purbeck |
| KINDLE- BLACK AMAZON KINDLE D01400; | 1B151 | Returned to Purbeck |
| IPAD 16 GB SN: F5RKT7DEDFHW; | 1B152 | Returned to Purbeck |
| K-NET TOWER; | 1B154 | Returned to Purbeck |
| HP LAPTOP SN: CNF0135R2C; | 1B157 | Returned to Purbeck |
| 2 CD'S; | 1B159 | Returned to Purbeck |
| THUMB DRIVE - PNY USB 34GB GRAY; | 1B159 | Returned to Purbeck |
| SEAGATE H SN 9VY55295; | 1B163 | Returned to Purbeck |
| 12 HARD DRIVES; | 1B180 | Returned to Purbeck |
| HP 2230 TOWER SN 2VA42217QC; | 1B182 | Returned to Purbeck |
| 2 USB MEMORY DEVICES: | 1B192 | Returned to Purbeck |
| RASBERRY PI COMPUTER; | 1B193 | Returned to Purbeck |
| 1 THUMB DRIVE - American life USB drive; | 1B193 | Returned to Purbeck |
| 1 GB MEMORY CARD - EMC Isolon Flash Drive 4 GB; | 1B193 | Returned to Purbeck |
| Dell Laptop SN 83733 (ACSO) | 1B162 | Return to Ada County |
| 2 STORAGE DEVICES WCC4E6VE56PR AND KUCJ05A156; | 1B191 | Purbeck |
| DELL LAPTOP BITCOIN MINER- DELL LATITUDE E5400 S/N BVX1LK1; | 1B142 | Wipe and return to Purbeck |
| MAXTOR HARD DRIVE S/N E1K3JWBE; | 1B145 | Wipe and return to Purbeck |
| MAXTOR HARD DRIVE SN: E1JNSF3E; | 1B146 | Wipe and return to Purbeck |
| ACER ASPIRE LAPTOP SN: LXR4R0200203758A4 21601; | 1B149 | Wipe and return to Purbeck |
| DELL LAPTOP SN: F1TSYB1; | 1B156 | Wipe and return to Purbeck |
| BARACUDA SN 3T80KRM6; | 1B166 | Wipe and return to Purbeck |
| 5 THUMB DRIVES; | 1B169 | Wipe and return to Purbeck |
| 8GB SANDISK; | 1B169 | Wipe and return to Purbeck |
| TOSHIBA LATOP SN 37251406K; | 1B173 | Wipe and return to Purbeck |
| HP LAPTOP SN 5CG3291267; | 1B174 | Wipe and return to Purbeck |
| BARRACUDA SN 3J80K884; | 1B177 | Return to Purbeck |
| WESTERN DIGITAL HARD DRIVE SN WCAZA3882835; | 1B177 | Return to Purbeck |
| HP LAPTOP ELITE BOOK; | 1B181 | Wipe and return to Purbeck |
| HP Z240 TOWER SN ZVA6060RF1; | 1B184 | Wipe and return to Purbeck |
| MAC BOOK PRO SN C02JKT67D853; | 1B185 | Return to Purbeck |
| 4 MEMORY DEVICES: | 1B186 | Wipe and return to Purbeck |
| SONY LAPTOP SN #275268339019447; | 1B187 | Wipe and return to Purbeck |
| SEAGATE SN 6RW1D0Z6; | 1B195 | Wipe and return to Purbeck |
| RAVEN TOWER BS14140564RVZ01B0; | 1B196 | Wipe and return to Purbeck |
| MICRO NICHE USB THUMB DRIVE; | 1B197 | Wipe and return to Purbeck |
| SEAGATE TOWER SN NA8B08G5 (HARD DRIVE); | 1B198 | Wipe and return to Purbeck |
| USB drives<br>DVD | 1B215 | Wipe and return USB drives to Purbeck;<br>FBI to dispose of DVD |
| 2 THUMB DRIVES,<br>SEAGATE HARDRIVE SN 9VP924SV | 1B167 | Wipe and return to Purbeck;<br>FBI to dispose of pen camera |

| | | |
|---|---|---|
| SEAGATE BACKUP PLUS HARD DRIVE P/N 2AWAP7-500 SN NA9W63A3; CORSAIR FLASH DRIVE SLIDER X1 128G; | 1B199 | Wipe and return to Purbeck; Return HDD to Ada County |