```
 1  THE FOLLOWING IS THE P.D.F. OF AN OFFICIAL TRANSCRIPT.  OFFICIAL
 2  TRANSCRIPTS MAY ONLY BE FILED IN CM/ECF BY THE OFFICIAL COURT
 3  REPORTER AND WILL BE RESTRICTED IN CM/ECF FOR A PERIOD OF 90 DAYS.
 4  YOU MAY CITE TO A PORTION OF THE ATTACHED TRANSCRIPT BY THE DOCKET
 5  ENTRY NUMBER, REFERENCING PAGE AND LINE NUMBER, ONLY AFTER THE
 6  COURT REPORTER HAS FILED THE OFFICIAL TRANSCRIPT.  HOWEVER, YOU
 7  ARE PROHIBITED FROM ATTACHING A FULL OR PARTIAL TRANSCRIPT TO ANY
 8  DOCUMENT FILED WITH THE COURT.
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION


UNITED STATES OF AMERICA,  )
                           )
         PLAINTIFF,        )
                           )   DOCKET NUMBER
         vs.               )   3:21-cr-00004-TCB-RGV-1
                           )
ROBERT PURBECK,            )   ATLANTA, GEORGIA
                           )   March 19, 2024
         DEFENDANT.        )
_____)


                       CHANGE OF PLEA

                   TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE TIMOTHY C. BATTEN, SR.,
                 UNITED STATES DISTRICT JUDGE



APPEARANCES:

FOR THE PLAINTIFF:        Michael V. Herskowitz
                          Office of the United States Attorney-
                          ATL 600
                          Northern District of Georgia
                          600 United States Courthouse
                          75 Ted Turner Drive, S.W.
                          Atlanta, GA 30303

FOR THE DEFENDANT:        Andrew C. Hall
                          Hall Hirsh Hughes, LLC
                          Suite 450
                          150 East Ponce de Leon Avenue
                          Decatur, GA 30030


              COMPUTER-AIDED TRANSCRIPT PRODUCED BY

OFFICIAL COURT REPORTER:         DENISE M. STEWART, RPR
                                 1949-B UNITED STATES COURTHOUSE
                                 75 TED TURNER DRIVE, SOUTHWEST
                                 ATLANTA, GEORGIA 30303
                                 (404)215-1516
```

```
 1            (IN ATLANTA, FULTON COUNTY, GEORGIA, MARCH 19, 2024.)
 2                 THE COURT:  All right.  We're ready?
 3                 MR. HERSKOWITZ:  Yes, Your Honor.
 4                 MR. HALL:  Yes, Judge.
 5                 THE COURT:  Okay.  Would you swear the defendant,
 6   please.
 7                          ROBERT PURBECK,
 8   having been first duly sworn/affirmed, and testified as follows:
 9                 THE DEFENDANT:  I affirm.
10                 THE COURTROOM DEPUTY:  Thank you.  You may have a seat.
11                 THE COURT:  This is the United States of America v.
12   Robert Purbeck a/k/a Lifelock a/k/a Studmaster a/k/a Studmaster1.
13                 And I presume, Mr. Herskowitz, you have a guilty plea
14   and plea agreement to authenticate.
15                 MR. HERSKOWITZ:  I do, Judge.  They're going to need to
16   sign.
17                 THE COURT:  Okay.
18                 MR. HERSKOWITZ:  I have it on the table.
19                 THE COURT:  Okay.
20                            EXAMINATION
21   BY MR. HERSKOWITZ:
22   Q.  Mr. Purbeck, I'm showing you, sir, a guilty plea and plea
23   agreement in this case, and directing your attention to page 20.
24       Is that your signature, sir, on the right side of the page
25   over your typed written name, "Robert Purbeck"?
```

1 **A.** That's correct.

2 **Q.** Mr. Purbeck, did you sign on page 21 over your typed written
3 name as well?

4 **A.** I did.

5     MR. HERSKOWITZ:  Mr. Hall, did you sign as his counsel?
6     MR. HALL:  Yes, sir.
7     MR. HERSKOWITZ:  May I approach, Your Honor?
8     THE COURT:  Yes, sir.
9     All right.  Good morning, Mr. Purbeck.
10     I understand you want to plead guilty to Counts 1 and 2
11 of the Grand Jury's indictment in this case.  And I am happy -- I
12 will be happy to accept your plea once I'm satisfied that you know
13 what you're doing here this morning and that you understand the
14 consequences of your plea.  So I'm going to ask you some
15 questions.  And if at anytime you don't understand my question, I
16 need you to let me know.  Otherwise, if you answer my question,
17 I'm going to assume that you understood the question and gave me a
18 truthful response.

19     Is that fair enough?
20     THE DEFENDANT:  Yes, sir.
21     THE COURT:  I need to begin by advising you that the
22 Government has the right in a separate prosecution for perjury or
23 a false statement to use against you any statement that you make
24 in here today.  In other words, you have to tell the truth today.
25     Do you understand that?

| | |
|---|---|
| 1 | THE DEFENDANT:  Yes, sir. |
| 2 | THE COURT:  And you have the right to plead not guilty |
| 3 | and if you've already pled not guilty, you have the right to |
| 4 | persist in that plea.  You don't have to plead guilty today or at |
| 5 | any other time. |
| 6 | Do you understand that? |
| 7 | THE DEFENDANT:  Yes, sir. |
| 8 | THE COURT:  As I'm -- well, you enjoy a number of rights |
| 9 | as a criminal defendant in federal court.  These include the right |
| 10 | to a jury trial; the right to be represented by counsel and, if |
| 11 | necessary, have the Court appoint counsel at trial and every other |
| 12 | stage of the proceeding; the right at trial to confront and |
| 13 | cross-examine adverse witnesses called by the Government; and the |
| 14 | right at trial to be protected from compelled self-incrimination, |
| 15 | which in plain English means the right to remain silent and not |
| 16 | testify.  You have that right. |
| 17 | Conversely, you enjoy the right to testify and present |
| 18 | evidence.  And you can use the subpoena power of our court to |
| 19 | compel the attendance of witnesses who you think might be able to |
| 20 | offer evidence or testimony that would benefit your defense. |
| 21 | Do you understand all of those rights that I've just |
| 22 | described to you? |
| 23 | THE DEFENDANT:  Yes, sir. |
| 24 | THE COURT:  And do you understand that you will be |
| 25 | waiving all of these rights if I accept your guilty plea this |

morning?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that the nature of the charge against you is computer fraud and abuse?

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Let's talk about the range of punishment applicable to these two charges.

Count 1 -- and the two counts are identical. They're both the same charge. So what I'm about to read to you actually will apply to each of these two charges, Counts 1 and 2.

The maximum term of imprisonment on each count is five years. Following your release from incarceration you'll be placed on supervised release for up to three years. The maximum fine is $250,000. The Court will order restitution to all victims of the offense and relevant conduct. And there's a mandatory special assessment in the amount of $100 for each count.

And, finally, there will be a forfeiture of any and all personal property that was used or intended to be used to commit or facilitate the commission of the offense and the forfeiture of any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly as a result of the offense.

Do you understand that range of punishment with respect to each of these two charges, Counts 1 and 2?

 1           THE DEFENDANT:  Yes, sir.
 2           THE COURT:  All right.  I presume that you know from
 3  speaking to Mr. Hall we use sentencing guidelines in federal
 4  court.
 5           Am I right about that?
 6           THE DEFENDANT:  That's correct.
 7           THE COURT:  Okay.  And in determining a sentence, I am
 8  obligated to calculate the applicable custody guideline range and
 9  that range is in months.  And I have to carefully consider that
10  range.  I can't just ignore it.
11           But once I've calculated and considered it, I'm actually
12  free to sentence you to a term of imprisonment outside the range.
13  I could sentence you to a term of imprisonment shorter than the
14  low end or longer than the high end.  And that's because the
15  guideline range is only advisory.  It is not mandatory or binding
16  on the Court.  Moreover, the guidelines themselves contemplate
17  that often there will be a variance or a departure from the range
18  to the sentence actually imposed.
19           Now for all of those reasons if I were to sentence you
20  to a term of imprisonment longer than the high end of your custody
21  guideline range, that would not give you a basis for withdrawing
22  your guilty plea but, instead, you'd be stuck with whatever term
23  of imprisonment I give you.
24           Do you understand that?
25           THE DEFENDANT:  Yes, sir.

1   THE COURT:  Okay.  You are waiving today almost all of
2 your appeal rights.  And that is a big deal because ordinarily if
3 the defendant loses in the district court, he can appeal to the
4 United States Court of Appeals.
5   You're promising today that you will not ever file an
6 appeal in this case unless it's based on at least one of the
7 following three grounds:  First, if I were to sentence you to a
8 term of imprisonment longer than the high end of your custody
9 guideline range, you may appeal.  Second, if the United States
10 appeals for any reason, you may appeal.  And, third, if you feel
11 you have not received effective assistance of counsel, you may
12 appeal.  But other than those three grounds, you're permanently
13 waiving today all appeal rights you have in this case.
14   Do you understand that?
15   THE DEFENDANT:  Does that include *Brady* obligations of
16 the Government?
17   THE COURT:  No.  The *Brady* obligations are separate.
18   But, Mr. Herskowitz, I'll let you answer that.  I mean,
19 if he's pleading guilty today, the Government's under a duty to
20 comply with *Brady* regardless of the status of the case.  I can say
21 that and I presume that the Government not only intends to do that
22 but has done that so far in the case.
23   MR. HERSKOWITZ:  Absolutely, Your Honor.  Yes.
24   THE COURT:  So those are the only three grounds, the
25 ones I mentioned.  If I sentence you to a longer than high end

1  guideline range sentence, you could appeal that.  You could appeal
2  if you feel you have not received effective assistance of counsel
3  and you could appeal if --
4              MR. HERSKOWITZ:  If the Government appeals.
5              THE COURT:  -- the Government appeals.  That never
6  happens.  If the Government appeals, that's it.  Any other appeals
7  on any other bases are forever being waived.
8              Do you understand that?
9              THE DEFENDANT:  If, however, the Government didn't
10 comply with *Brady*, though, I would still have reason to?
11             THE COURT:  Mr. Herskowitz, what would you say?
12             MR. HERSKOWITZ:  Judge, we've complied with *Brady* and
13 the appeal waiver is clear and it's been provided to Mr. Purbeck.
14 And I'm sure his counsel has talked with him about that and the
15 Court has talked with him about that.
16             THE COURT:  I would say it would include any appeals and
17 based on a failure to comply with *Brady*.
18             But is there any *Brady* issue in the case, Mr. Hall?
19             MR. HALL:  I think we've litigated some issues I
20 referred to as *Brady* and those have been ruled against us.
21             THE COURT:  Right.
22             MR. HALL:  So I think to answer the Court's question --
23             THE COURT:  Then the answer to my question -- the answer
24 is, yes, definitely the waiver would encompass appeals based on
25 the Government's alleged failure to comply with *Brady*.

1        So do you understand that?

2        THE DEFENDANT:  Yes, sir.

3        THE COURT:  Do you still want to plead guilty?

4        THE DEFENDANT:  Yes.  Although I do believe the
5   Government hasn't complied with *Brady*.

6        THE COURT:  Okay.  You are waiving also your right to
7   file what's called a "collateral attack" against the judgment in
8   this case.  A collateral attack is simply a lawsuit that a
9   prisoner files in which he contends that there was some error or
10  defect in his criminal case and that as a result he should be
11  released from incarceration.  You're promising today that you will
12  never file a collateral attack on the sentence, judgment, or
13  conviction in this case unless it's based on having counsel who
14  failed to adequately represent you.

15       Do you understand that?

16       THE DEFENDANT:  Yes, sir.

17       THE COURT:  Okay.  Are you a United States citizen?

18       THE DEFENDANT:  I am.

19       THE COURT:  Are you entering this plea today purely of
20  own free will and volition?

21       THE DEFENDANT:  Yes.

22       THE COURT:  Does this plea result in any way from force
23  or threats?

24       THE DEFENDANT:  No, sir.

25       THE COURT:  Does this plea result in any way from any

1  promises anybody has made you other than the promises in the
2  guilty plea and plea agreement?
3          THE DEFENDANT:  No, sir.
4          MR. HALL:  Well, so, yes and no.  I don't want to be
5  cute with the Court.  We have two agreements from other U.S.
6  Attorney's offices that are not within the scope of this plea
7  agreement technically because the way the plea agreement is
8  defined is -- the Government has defined it as the "Northern
9  District of Georgia and the Acting Assistant Attorney General for
10 the Department of Justice."
11         Mr. Herskowitz already knows I'm going to say this.
12 Just so that we're clear with the Court, we have an agreement from
13 the Central District of Illinois who has declined prosecution and
14 we've entered into a tolling agreement with them.
15         THE COURT:  All right.
16         MR. HALL:  And it's contingent upon us entering a plea
17 here and that being treated as relevant conduct, all that
18 information for the scope of the plea agreement.  But the fact of
19 the stand-alone agreement that I have is a letter, as well as the
20 tolling agreement that I've signed with the Central District of
21 Illinois was not set forth here.  As an officer of the court, I
22 wanted to make sure the Court knows about that --
23         THE COURT:  Thank you.
24         MR. HALL:  -- the basis for Mr. Purbeck proceeding today
25 on this plea agreement.

1        THE COURT:  All right.
2        MR. HALL:  And there's a separate one I just got this
3   morning.  Mr. Herskowitz told me it was coming.  So "this morning"
4   part is kind of neither here nor there.  And it's a declaration
5   letter from the District of Alaska.  Given that's within the
6   relevant conduct scope of the plea agreement, our position -- my
7   thought is it's outside the statute of limitations anyway but
8   technically that's an agreement.  So I want to be super disclosing
9   to the Court.
10       THE COURT:  Okay.  Mr. Purbeck, did you understand
11  everything he just said?
12       THE DEFENDANT:  Yes, sir.
13       THE COURT:  So when I ask you if any promises have been
14  made to you, I'm excluding promises made in the plea agreement and
15  the promises in the two agreements from Illinois and Alaska that
16  he just discussed.
17       Other than those promises has anybody promised you
18  anything today to induce you to plead guilty?
19       THE DEFENDANT:  No, sir.
20       THE COURT:  Okay.  In this case, as you know, you have a
21  guilty plea and plea agreement and it is a contract.  And the
22  parties to that contract are you and the prosecution.  I'm not a
23  party to your contract and here's how that could affect you.  If
24  the contract, the plea agreement, contains a promise from the
25  Government to you that at your sentencing the Government will

1  recommend or request of me that you be sentenced a certain length
2  of time, or that the guidelines may be applied or interpreted a
3  certain way, I don't have to accept that recommendation or
4  request.  And, again, that's because I'm not a party to your
5  agreement.
6           And if I were to not accept any such recommendation or
7  request, that would not give you a ground for withdrawing your
8  guilty plea because, again, you'd be stuck with whatever term of
9  imprisonment I give you.
10          Do you understand that?
11          THE DEFENDANT:  Yes, sir.
12          THE COURT:  All right.  Mr. Herskowitz, if you would
13 tell us what the factual basis is for the plea.
14          MR. HERSKOWITZ:  Yes, Your Honor.
15          Your Honor, if this case went to trial, the Government
16 would prove by admissible evidence and beyond a reasonable doubt
17 the following facts:  Family Medical Center, which I will refer to
18 as "FMC" which is identified in the indictment as "Victim 1" is a
19 medical clinic located in Griffin, Georgia, within this district.
20          FMC, Your Honor, maintained a repository of personal
21 identifiable information or "PII," and confidential personal
22 health information or "PHI," to include patient records, full
23 names, addresses, social security numbers, and birth dates.  The
24 information was confidential and was stored on restricted,
25 nonpublic servers located in Griffin, Georgia and elsewhere.

1     On or about June 23, 2017, the defendant, Mr. Purbeck
2 purchased access to the computer server of FMC on a darknet
3 marketplace.  Two days later, on or about June 25, 2017,
4 Mr. Purbeck, the defendant, from Idaho used the stolen access
5 credentials to gain unauthorized access to the protected computers
6 of FMC, maintained unauthorized access to those computers and
7 stole medical records and other documents which contained
8 sensitive PII and PHI of over 43,000 individuals including names,
9 addresses, birth dates and social security numbers.  Evidence
10 would be, Your Honor, that FMC suffered losses associated with the
11 breach in the amount $138,500.  Excuse me.
12     On or about February 8th -- 9th, 2018, the defendant
13 purchased access to the City of Newnan, Georgia Police
14 Department's server on the darknet marketplace.  From Idaho,
15 again, the defendant used those access credentials to gain
16 unauthorized access to the City of Newnan's computer systems,
17 maintain unauthorized access to the computers and stole records,
18 consisting of police reports and documents which included PII for
19 approximately 14,394 individuals.  The City of Newnan suffered
20 losses associated with the breach in the amount in excess of
21 $113,000.
22     On August 19, 2019, FBI agents obtained a federal search
23 warrant for the defendant's home in Meridian, Idaho.  Upon
24 execution of the warrant two days later the defendant admitted he
25 used a moniker "Lifelock" on the darknet and during various

```
 1  computer intrusions and extortions.
 2          During the search of his home the FBI seized a number of
 3  computers and devices.  Review of the defendant's computer hard
 4  drive revealed PII for at least 132,725 individuals, obtained
 5  through numerous data breaches, including FMC, City of Newnan, and
 6  at least 17 other victims across the United States.
 7          In committing these computer intrusions against FMC and
 8  the City of Newnan, the defendant executed computer commands from
 9  Idaho to other states, including Georgia, to connect to victim
10  computers connected to the Internet.
11          The offenses were committed for purposes of the
12  defendant's private financial gain.
13          The evidence would be, Your Honor, the value of the
14  information obtained exceeded $5,000 as to FMC and exceeded $5,000
15  as to the City of Newnan.
16          Thank you.
17          THE COURT:  Thank you, Mr. Herskowitz.
18          Mr. Purbeck, did you understand everything that
19  Mr. Herskowitz just said?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  Are you in fact guilty of the crimes
22  described in Counts 1 and 2 of the indictment?
23          THE DEFENDANT:  Yes, sir.
24          THE COURT:  Mr. Hall, have you reviewed the Government's
25  evidence and satisfied yourself that it is in your client's best
```

1  interest to plead guilty today to Counts 1 and 2?
2          MR. HALL:  I have, and yes, sir.
3          THE COURT:  And from conferring with your client do you
4  believe that he is knowingly, voluntarily, and intelligently
5  waiving his constitutional rights this morning?
6          MR. HALL:  I do.
7          THE COURT:  All right.  I will accept the plea.  I
8  adjudge the defendant guilty of Counts 1 and 2.
9          We will have sentencing on June 18, 2024, at 10:30 a.m.
10 in the Newnan courthouse.  Don't come here.  It will be in Newnan.
11         We're adjourned.
12         THE COURT SECURITY OFFICER:  All rise.
13         (Proceedings were adjourned at 11:09 a.m.)
14                    Reporter's Certification
15 I certify that the foregoing is a correct transcript from the
16 record of proceedings in the above-entitled matter.
17
18
                                  /S/Denise M. Stewart, RPR
19                                Official Court Reporter
                                  United States District Court
20                                Northern District of Georgia
21 Date:  April 29, 2024
22
23
24
25