

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 1 2 2024

KEVIN P. WEIMER, Clerk
By_____ Deputy Clerk

1   Robert Purbeck
451 W Waterbury Drive
2   Meridian, ID 83646
208-863-6957
3   rpurbeck@gmail.com
(Pro-Se)
4

5               FEDERAL DISTRICT COURT

6           NORTHERN DISTRICT OF GEORGIA

7   UNITED STATES OF AMERICA         Case No.: 3:21-CR-004-TCB-RGV

8         Plaintiff,

9   vs.                     MOTION FOR RECUSAL OF CHIEF JUDGE
TIMOTHY BATTEN SR. DUE TO UNLAWFUL
10   ROBERT PURBECK           INDUCEMENTS BY A PARTY AND
CONFLICTS OF INTEREST - DISMISSAL
11   Defendant               WITH PREJUDICE ON GROUNDS OF
VIOLATIONS OF DUE PROCESS -SANCTIONS
12                      DEMANDED

13      *"There can be no crime more serious than bribery. Other offenses violate*

14   *one law while corruption strikes at the foundation of all law ... The givers*

15   *and takers of bribes stand on an evil pre-eminence of infamy. The exposure*

16   *and punishment of public corruption is an honor to a nation, not a*

17   *disgrace."Quote Attributed to Teddy Roosevelt[1]*

18   *"The censors cannot be judges, ministers, and parties; judges to give*

19   *sentence or judgment; ministers to make summons; and parties to have the*

20   *moiety of the forfeiture, quia aliquis non debet esse Judex in propria causa,*

21   *imo iniquum est aliquem suae rei esse judicem"[2]*

22

23

24

25

26

27   [1] Mr. Batten admires Teddy Roosevelt: https://www.law.uga.edu/alumni-spotlight-timothy-c-batten-sr-jd84
[2] Dr. Bonham's Case, 8 Co. Rep. 113b, 77 Eng. Rep. 646 (C.P. 1610) "No one ought to be a judge in his own cause;
28   indeed, it is unjust for anyone to be judge in his own matter."
MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 1

COMES NOW the Defendant, appearing pro se, and respectfully submits this Motion to address newly discovered evidence suggesting that the presiding judge may have engaged in corrupt practices that compromise the fairness and integrity of these proceedings. Specifically, after reading a Bloomberg article published on June 25th, 2024—which the Defendant discovered in late September—the Defendant conducted due diligence research of judicial ethics reports and public filings. This research indicates that the judge has not reported the fair market value of rents provided to his corporation for free by the United States. Mr. Purbeck submitted a Freedom of Information Act (FOIA) request to the General Services Administration (GSA) on September 24th and was provided with a timeline of 20 business days for the agency to provide documents or an explanation for a delay. It took 33 business days (23 more days than allowed under statute) before the GSA reported that responsive records were provided by the Northern District of Georgia as of 11/8/24. It will now it will take the GSA at least 53-146 more days before they can analyze said records.  Mr. Purbeck under the holding in Rippo v. Baker, 137 S. Ct. 905 (2017) is entitled to discovery to see if the appearance of bias that is present in this case is also actual bias and to determine if the Chief Judge obstructed justice by preventing disclosure to the GSA timely. Furthermore, in October 2024, the City of Newnan confirmed that the corporation owned by the judge has failed to ever pay its occupancy taxes to the city. Such alleged conduct undermines the foundation of the judicial system and cannot be allowed to stand. Furthermore, the Judge has engaged in prohibited political activity for a candidate whose primary platform is preventing anti-semitism. Accordingly, the Defendant seeks appropriate relief to uphold the principles of justice and ensure a fair adjudication of this matter. Mr. Purbeck timely invokes 28 U.S.C. § 144 for recusal on the same day after the GSA sent notification of the delay caused by the N.D.

Georgia Court. In this motion Mr. Purbeck will assume that Mr. Batten has not paid rents to the United States for his use of chambers since judicial ethics records show otherwise until such time as the perception of actual bias can be proven or disproven by a hearing.

**INTRODUCTION**

The integrity of the judiciary is paramount to the administration of justice. In Tumey v. Ohio, 273 U.S. 510 (1927), the U.S. Supreme Court held that due process is violated when a judge has a direct, personal, substantial pecuniary interest in the outcome of a case. In Tumey, the Court found that a financial interest as modest as $12 was sufficient to compromise judicial impartiality. This principle was reaffirmed in Rippo v. Baker, 137 S. Ct. 905 (2017), where the Court emphasized that recusal is required when the probability of actual bias on the part of the judge is too high to be constitutionally tolerable. In Bracy v. Gramley, 520 U.S. 899 (1997), the Court recognized that a judge's corruption could create a bias against defendants who did not participate in bribery, thereby entitling the defendant to discovery to support claims of judicial bias. Similarly, in Gacho v. Wills, 986 F.3d 1067 (7th Cir. 2021), the Seventh Circuit held that a judge's acceptance of a bribe from a co-defendant created a constitutionally unacceptable likelihood of bias, warranting a new trial for the defendant. These precedents collectively affirm that any financial inducement or conflict of interest involving a judge undermines the fundamental right to a fair hearing and necessitates remedial action to preserve the integrity of the judicial process.

In the present case, the judge's acceptance of a financial inducement, which may be as minimal as $25 per year for each of the last 4 years but could also be worth many thousands of dollars, especially from a victim appearing before the court,

MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 3

raises significant concerns regarding judicial impartiality. This situation not only violates the due process rights of the defendant but also undermines public confidence in the fairness of the judicial system. Therefore, it is imperative to address this issue to uphold the integrity of the judiciary and ensure that justice is administered impartially.

The government has decide to attack Mr. Purbeck as an anti-semite a charge Mr. Purbeck vociferously denies as that would be against his deeply held religious beliefs. However the Judge has contributed to a candidate in recent years on multiple occasions named Deborah Silcox who co-sponsored a bill HB30. The Code of Conduct for United States Judges explicitly forbids such political activity to prevent any appearance of bias or undue influence. In cases where a defendant is accused of antisemitism, and the judge has previously contributed to a political candidate who co-sponsored legislation like HB30, which addresses antisemitism, the judge's impartiality could reasonably be questioned.[3]

## PARTIES TO THE SCHEME

## Police Department: The City of Newnan, GA

- The City of Newnan, GA specifically the police department[4] is a governmental entity victim involved in this instant case. The city is seeking a remedy and is an entity responsible for providing improper inducements to

---

[3] https://www.opensecrets.org/donor-lookup/results?name=Timothy+batten

[4] It shall be the special duty of the chief of police and other police officers of the city to see that the provisions of this chapter are enforced, and, in the performance of this duty, they shall have the right to inspect each person's occupational tax certificate so as to determine whether the occupational tax has been paid in the current year. City of Newnan. "Sec. 6-1. - Occupation Tax Required." *Code of Ordinances*, Municode, https://library.municode.com/ga/newnan/codes/code_of_ordinances?nodeId=PTIICOOR_CH6BU_ARTI OCTA_S6-1OCTARE. Accessed 20 Oct. 2024.

MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 4

the presiding judge by willfully failing to collect lawfully owed occupancy taxes from the corporation T.E.C.H. Ventures Inc. of whom Timothy Batten Sr. is the CFO and unlawfully operating the corporation from the Lewis R. Morgan Federal Building & United States Courthouse since December 9th, 2020 in dual roles as CFO and registered agent.

**T.E.C.H. Ventures, Inc.**

• T.E.C.H. Ventures, Inc. is a Georgia for Profit Domestic Corporation and an unlicensed business operating without following corporate formalities. It receives free rents and benefits worth not less than $130,000 per year from the United States not available to other private businesses and has not filed its required accounting statements with the city of Newnan nor paid its occupancy tax for the years 2020-2024. It has been squatting and operating from the chambers offices at the Lewis R. Morgan Federal Building & United States Courthouse since December 9th, 2020. Its CFO and registered agent is Timothy C. Batten Sr. Its CEO, an E.B. is operating in Fernandina Beach, FL with a **rejected** filing at the Florida Secretary of States office. It is also operating in Nassau County Florida in violation of at a minimum county zoning code Section 28.14 (A)(1) [5]which is a 2nd degree misdemeanor and carries jail time and a large fine.  Career employees of the court and independent agency executive branch employees are used to run daily operations on behalf of Timothy Batten Sr's for-profit venture. This

---

[5] "Section 28.14 - Supplementary regulations for certain conditional uses." Nassau County, FL Code of Ordinances, Municode Library,
https://library.municode.com/fl/nassau_county/codes/code_of_ordinances?nodeId=APXALADECO_ORDINANCE _NO._97-19NACOFL_ART28SURE_S28.14SURECECOUS. Accessed 24 Oct. 2024.

MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 5

welfare queen receives free rents, free utilities, security guards, U.S. Marshalls protection, internet access, printers, secretaries and other benefits average business owners would love to receive for free from the apparent largesse of the United States Court discretionary funding mechanism. Surely, Congress meant those funds to be embezzled as emoluments for personal side businesses of judges <u>rather than</u> paying for the Constitutional right to compel a witness Mr. Purbeck requested that would have bolstered his Garrity defense and impeached the government agents.

## United States of America

- The United States of America is a party to the instant case and has been provided with discovery from the defense. Also the government is aware through reports made by the defendant in this instant case to the U.S.P.S. Postal Inspectors, IRS and FOIA requests to the GSA specifically requesting rents paid by the corporation T.E.C.H. Ventures, Inc. for its use of the entire building according to Georgia Secretary of State filings but which most likely operates from the chambers offices at the Lewis R. Morgan Federal Building & United States Courthouse to conduct profit-oriented business. The government has an obligation to verify that its premises are not being used for corruption and has looked the other way for almost 4 years. [6] In the

---

[6] Because the federal building is also a post office one might consider that a P.O. Box could be used as a business location for the corporation but that is a prohibited activity by the states of Georgia, Florida and postal regulation D910 section 3.5 and is specifically prohibited by the following: United States Postal Service. "Customer Agreement for Premium PO Box Service Additional Services." USPS, https://www.usps.com/pobox/customer-agreement-for-premium-po-box-service-enhancements.pdf. Accessed 20 Oct. 2024. In Florida it is a felony to misrepresent a physical corporate address as a P.O. Box. For GA law it is a misdemeanor to file an annual report with information that violates the statute refer to: Georgia Secretary of State. "Filing Procedures for Forming a Georgia Corporation." Georgia Secretary of

MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 6

instant case the government should be aware that Mr. Batten is operating a Georgia for Profit Domestic Corporation as CFO and registered agent office from his chambers offices specifically forum shopped the prosecution to this judge. The government is offering the Judge an inducement along with the corporation T.E.C.H. Ventures, Inc by not prosecuting the corporation for failure to pay rents to the United States and the Judge personally for not reporting the fair market value of the unlawful use of the address 18 Greenville Street, Newnan GA on his annual financial disclosures.  The government insists on prosecuting other government officials it doesn't like for bribery[7],  even bribery that didn't result in gain, but looks the other way for a corrupt federal judge who is engaging in honest services theft, receiving unlawful inducements who also does not provide a fair day's work for the wage to the US Government.

- **Timothy C. Batten Sr.**

Mr. Batten, a former commercial litigator with over 23 years of experience in corporate fraud and litigation, holds a duty to adhere to corporate formalities, especially given his extensive background in corporate law. Basic corporate governance standards are routinely upheld by small business owners nationwide, and such duties are fundamental for any practitioner with Mr. Battens credentials. Despite this, T.E.C.H. Ventures, Inc., under his oversight, fails to observe foundational corporate formalities. It operates on

---

State, https://sos.ga.gov/sites/default/files/forms/Filing%20Procedure%20-%20Corporation.pdf. Accessed 20 Oct. 2024.
[7] United States v. White Eagle, 721 F.3d 1108 (9th Cir. 2013) *1115-1116
MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 7

a rejected filing in Florida, engages in interstate activities that may constitute misdemeanors or felonies, fails to remit taxes to its local municipality, lacks a valid operating license, and has received unauthorized inducements from both the Department of Justice and the City of Newnan. Further to his role with T.E.C.H. Ventures, Inc., Mr. Batten serves as an authorized signer for EPB Enterprises, LLC, and as a registered agent for a second business Clairety, LLC, with a service of process address at an additional location in Newnan. He has in some ways managed all these entities during the course of the instant case and has continued to operate T.E.C.H. Ventures, Inc. from the Lewis R. Morgan Federal Building & United States Courthouse since December 9, 2020. Since the initiation of the present case within the Northern District of Georgia in March 2021, Mr. Batten has presided over the proceedings despite conflicts of interest stemming from inducements received. These benefits appear to have gone unreported on judicial disclosure forms. Mr. Batten's actions follow a pattern of declining to recuse himself in cases of potential conflict of interest. In Joseph v. Bd. of Regents of the Univ. Sys. of Ga., Civil Action 1:20-cv-00502-VMC (N.D. Ga. Feb. 3, 2023), he demonstrated this reluctance, and as discussed in Monyak, Suzanne. "'A Failure on My Part': Federal Judge Addresses Investigation Into Conflict of Interest," Daily Report, 30 Sept. 2021. During this period, Mr. Batten served on the Committee on Codes of Conduct of the Judicial Conference of the United States (2021-2022 term), underscoring his familiarity with judicial ethics standards.

**Detail by Entity Name**

Rejected Filing

~~TECH~~VENTURES, INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | W21000002787 |
| **Filed Date** | 01/11/2021 |
| **Expire at Usual Time** | Y |
| **Penalty Fee** | 00.00 |
| **Associated Document Number** | |
| **Document Type** | |
| **Filed By** | TIMOTHY BATTEN |
| **18 GREENVILLE STREET** | |
| **NEWNAN, GA 30263** | |

8

# LEGAL BASIS FOR RECUSAL

This motion for recusal is grounded in the principle that a judge must disqualify themselves in any proceeding where their impartiality might reasonably be questioned. Both federal and state laws provide clear standards for recusal in cases involving financial interests, personal bias, or conflicts of interest.

## A. Federal Legal Standards for Recusal

Under **28 U.S.C. § 455(a)**, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This statute is designed to ensure that the public's confidence in the judiciary is maintained by eliminating even the appearance of bias. The test is an objective one, based on whether a reasonable person, fully informed of the facts, would doubt the judge's impartiality.

---

[8] Florida Secretary of State Business search:
https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=I
nitial&searchNameOrder=TECHVENTURES%20W210000027870&aggregateId=reject-w21000002787-ac646357-
da35-4014-be3c-
ab4b7ef44cde&searchTerm=t.e.c.h.%20ventures%20inc&listNameOrder=TECHVENTURES%20L210003227870
MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 9

Furthermore, **28 U.S.C. § 455(b)(1)** requires that a judge disqualify themselves when they have a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts." Given the circumstances outlined below, this standard is directly implicated.

**B. Georgia State Legal Standards for Recusal**

Under Georgia law, **O.C.G.A. § 15-1-8(a)(2)** mandates the disqualification of a judge if they have a direct or indirect financial interest in the outcome of the case. Additionally, **Georgia Code of Judicial Conduct, Rule 2.11(A)** provides that a judge must disqualify themselves in any proceeding where their impartiality might reasonably be questioned, including when they have a financial interest in a party or other circumstances that create a conflict of interest.

**C. Reasonable Person Standard and Conflicts of Interest**

A key consideration is whether a reasonable person, knowing all the relevant facts, would question the impartiality of the presiding judge. The reasonable person standard is especially significant when the judge holds additional professional roles that may interfere with their judicial duties.

In this case, the Honorable Timothy Batten Sr. is not only the sitting Chief Judge but also serves as the **Chief Financial Officer (CFO)** and registered agent of T.E.C.H. Ventures, Inc. This corporation and service of process address is also located within the Lewis R. Morgan Federal Building & United States Courthouse. A CFO role is generally considered to be a full-time job, involving significant responsibilities related to the financial oversight, management, and strategic direction of a company. Furthermore, he is a registered agent of Clairety, LLC at

MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 10

an entirely different address.[9] His ethical commitments to Clairety, LLC and
T.E.C.H. Ventures, Inc., along with his obligations to the United States as a client,
where he maintains chambers in two physical courthouses, require him to be
omnipresent in order to serve each client with the due diligence mandated by
Georgia law. On top of that he has been a Law Professor at Georgia Tech and a
Jurist in Residence all during Mr. Purbecks protracted prosecution.  Somewhere
between these corporate and teaching responsibilities he might occasionally have
time for the United States. This quad role raises concerns about the judge's
capacity to remain impartial, especially when the corporation in question is
involved in financial misconduct and receives benefits that impact the judge's
decisions. During Mr. Battens tenure the average time for felony cases to resolve in
the N.D. Georgia has increased by 41 - 67% compared to the record his
predecessor left him. It is likely because of his side businesses and teaching that
the median felony criminal case is now unconstitutionally prolonged and meets the
first prong of prejudice under the Barker v. Wingo only beginning the first full year
under his leadership.[10]

The Senate Judiciary committee specifically asked Mr. Batten under oath; "<u>Do you
have any plans, commitments, or agreements to pursue outside employment, with
or without compensation, during your service with the court?</u>" He stated
unequivocally "<u>**No**</u>." At the time of the appointment he was a secretary of the

---

[9] To further drive the point that even a $25 inducement would absolutely sway Mr. Batten's decision making;
registered agent service can be purchased for $20 yearly online from reputable registered agents. Why embezzle
United States resources for $20 if it is trifling?
[10]"United States District Courts — National Judicial Caseload Profile." United States Courts, 30 June
2024, www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2024.pdf.

MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 11

corporation. In 2010-2011 he took the role of CFO according to Georgia SOS filings.

Let's pose a few hypotheticals: What if an employee or contractor of T.E.C.H. Ventures, Inc died or was hurt while working on corporation business? Is the GSA and the Treasury on the hook for liability? What if while paying invoices, sorting mail, making sales calls or performing any other type of labor on behalf of T.E.C.H. Ventures, Inc. a career judiciary employee managed by Chief Judge Batten gets injured, sexually harassed or retaliated against for refusing to do unethical work for the business: Who is on the hook for liability? Would it be the Federal Government. Does the corporation have insurance? Probably not if it doesn't pay rent or its taxes. Georgia code allows a municipality to impose a lien on a property where a business fails to pay its municipal taxes and fines.[11] Will the United States Treasury ultimately pay a lien for this activity?

Constitutionally protected defendants in Mr. Battens court get short shrift from him as he is pre-occupied by his many other obligations. For example, in March of 2024, Mr. Purbeck plead guilty in a roughly 9-13 minute hearing without the court even doing a basic due diligence Rule 11 inquiry to see if Mr. Purbeck understood the nature of the charges and elements of the crime. This charge is so complex and the elements so confusing that a Supreme Court case rested on a circuit split between the meaning of the word "so."[12] How could Mr. Purbeck possibly fully understand the nature of the charge when it took 11 en banc judges in the 9th circuit to get it right and dozens of courts of appeal judges including a tribunal in the 11th

---

[11] GA Code § 48-2-56 (2023) (a)
[12] Van Buren v. United States, 141 S. Ct. 1648 (2021) * 1654-1657
MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 12

circuit that got it flat wrong. The government is still getting it wrong as it has in fact added relevant conduct in its sentencing memo that the Supreme Court has reversed as not a CFAA crime in the Van Buren decision.

```
3            THE COURT:  Do you understand that the nature of the
4   charge against you is computer fraud and abuse?
5            Do you understand that?
6            THE DEFENDANT:  Yes, sir.
7            THE COURT:  Okay.  Let's talk about the range of
8   punishment applicable to these two charges.
```

Beyond that, a reasonable person would likely spot numerous ethical and practical issues. There's a strong potential for conflicts of interest between the judicial and corporate roles, especially given the use of chambers for both. The appearance of impropriety would likely erode public confidence in the judicial system. Not to mention, the stress of balancing these responsibilities would almost certainly lead to burnout, making it difficult for anyone to perform effectively in any of these roles. Taking all this into account, it's clear that this combination of roles is both inappropriate and unworkable, ultimately jeopardizing the integrity of the judicial position and the ability to do any of the jobs well. The perception of bias is further exacerbated by the unlawful inducements the judge has received, both from the City of Newnan and the Government.

**D. Unlawful Inducements and the Appearance of Bias**

1. **Inducement by the City of Newnan:**
   o The City of Newnan has provided the judge with an improper financial benefit by failing to collect lawfully owed occupancy taxes from properties tied to the judge's corporation since December 2020. This creates a financial relationship between the City and the judge, raising significant concerns about the judge's impartiality. Under **28 U.S.C. § 455(a)** and **Georgia Rule 2.11(A)**, this constitutes a clear appearance of bias that a reasonable person would question.

2. **Inducement by the Government:**

MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 13

- The Government has failed to prosecute the judge for financial misconduct, including the theft of rents and the underreporting of rental income on judicial ethics reports. This leniency creates the perception that the judge has received a personal benefit from the Government, further undermining the integrity of these proceedings. A reasonable person, aware of these facts, would reasonably doubt the judge's impartiality.

3. **Dual Role as Judge and CFO:**
   - The judge's role as CFO of a corporation, while simultaneously serving as a judge in the same physical facility, raises additional concerns. A reasonable person would likely view the role of CFO as a full-time commitment, one that entails substantial financial and managerial responsibility. This dual role creates a situation where the judge's personal and financial interests may conflict with their ability to impartially preside over cases. In this context, the judge's impartiality is not only questioned but compromised, further justifying recusal under **28 U.S.C. § 455(b)(1)** and **Georgia Rule 2.11(A)**.

4. **Political Donations:**

   The Code of Conduct Canon 5(A)(3) for United States Judges explicitly forbids such political activity to prevent any appearance of bias or undue influence. In cases where a defendant is accused of antisemitism, and the judge has previously contributed to a political candidate who co-sponsored legislation like HB30, which addresses antisemitism, the judge's impartiality could reasonably be questioned.

**F. Case Law Supporting Recusal**

MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 14

In **Liteky v. United States, 510 U.S. 540 (1994)**, the U.S. Supreme Court emphasized that recusal is warranted when a judge's impartiality might reasonably be questioned, even in the absence of actual bias. The appearance of bias alone can be sufficient to compromise the integrity of the judicial process.

Similarly, in **Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)**, the Court ruled that due process demands recusal when a judge has received substantial personal or financial benefits from a party to the case. The facts in this case align closely with those in Caperton, where financial inducements raised concerns about judicial impartiality.

## FACTUAL BACKGROUND

The City of Newnan has approximately 300 employees and is responsible for overseeing various governmental functions, including tax collection. According to quarterly financial reports, which are publicly available on the City of Newnan's official website at https://newnanga.gov/Archive.aspx?AMID=41, the city's **occupancy tax** consistently ranks as the second largest income source for the city in most quarters. This tax, officially referred to as the "occupation tax," is a critical component of the city's revenue, underscoring its significance in the functioning of local government.

## A. Occupation Tax Requirements in the City of Newnan

The City of Newnan has a clear legal requirement for all businesses operating within its jurisdiction to pay an occupation tax. According to **Sec. 6-1 of the City Code**, titled "Occupation Tax Required," every business, trade, profession, or occupation within city limits must pay this tax on an annual basis. The relevant section of the code provides as follows:

"Each person engaged in any business, trade, profession, or occupation within the city shall pay an occupation tax each calendar year for said business, trade, profession, or occupation. Upon payment of the occupation tax, the finance department shall issue a certificate showing that the occupation tax has been paid for the current year, which certificate shall be maintained by each person engaged in any business, trade, profession, or occupation and available for inspection by the finance department or such officer's deputies, or to any police officer of the city so as to aid the city's enforcement of this article and to determine if such tax has been paid."

The occupation tax is a revenue-based tax and requires a financial accounting filing and requires payment of anywhere from 1.2%-1.6% of gross revenue with a minimum fee of $25. All dividends, interest and capital gains are also subject to taxation. According to Section 6-5.

"The tax shall be levied on the gross receipts of the business or practitioner in combination with the profitability ratio for the type of business, profession or occupation as measured by nationwide averages derived from statistics, classifications or other information published by the United States Office of Management and Budget, the United States Internal Revenue Service or successor agencies of the United States."

Section 6-21 requires the filing of an annual report with the city during specific time frames. Section 6-9 requires a business to identify to the city each line of work the business performs and file that within 90 days from the time of formation or location of the business within the city. Section 6-11 is not a safe harbor, because T.E.C.H. Ventures, Inc. is not a government operation, and its CEO is a private citizen. Further the statute requires the practitioner to be exclusively in the employment of the government which is obviously not the case with Batten as a CFO and Professor of Law at Georgia Tech.

<u>Certification</u> – The information herein is required by the City of Newnan Code of Ordinances.

I, (PRINT NAME)_____BEARING THE TITLE OF_____OF
THE BUSINESS FIRM NAMED, DO HEREBY REGISTER TO OPERATE SAID BUSINESS WITH THE DOMINANT BUSINESS ACTIVITY OF (EXPLAIN TYPE OF BUSINESS):

_____

In Accordance with the business ordinance, City of Newnan, Georgia, I, the undersigned, certify that I am the person duly authorized by the business herein named to file this return, including the accompanying schedules and that the information contained in these documents are true, correct and complete. I hereby make application for an Occupational Tax Certificate to conduct the above described business in the City of Newnan. I understand that approval must be obtained from the departments having the authority prior to issuance of the certificate. By signature below, I do solemnly swear, subject to criminal penalties for false swearing, that information contained in the application is true and no false or fraudulent information is made herein to procure the granting of this certificate.

Owner's Signature_____          Date: _____

This statute makes it unequivocally clear that all businesses within the city limits are required to pay this tax annually, file an annual revenue report, report their lines of business and maintain proof of payment for inspection by city officials and all of this is under penalty of perjury.

## B. Relocation of T.E.C.H. Ventures, Inc. within City Limits

On **December 9, 2020**, Mr. Batten relocated his business, **T.E.C.H. Ventures, Inc.,** within the city limits of Newnan, according to filings with the **Georgia Secretary of State**. Upon this relocation, the business became subject to the city's occupation tax, in accordance with **Sec. 6-1 of the City Code**.

However, despite the clear legal requirement to pay this tax, the **City of Newnan Police Department**, a division of the same city government that is the victim in the instant case, has not collected the required occupation tax from **T.E.C.H. Ventures, Inc.**. This failure to collect a lawfully owed tax creates a direct financial benefit for Mr. Batten and his corporation, a benefit that could reasonably be perceived as an unlawful inducement, especially in light of the City's involvement as a party in the present case.

The ordinance mandating the collection of the occupation tax was last updated on **October 22, 2019**, as indicated by **Ord. No. 2019-20, § I**. This update occurred

MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 17

more than a year before Mr. Batten relocated his business within the city limits, meaning the occupation tax was firmly in place and applicable when **T.E.C.H. Ventures, Inc.** began operating within the City of Newnan. The failure of the city to collect this tax since **December 2020** not only violates the city's own regulations but also creates an ongoing financial benefit for Mr. Batten and his business.

## C. PROOF OF FAILURE

On Oct 4th, 2024 The City of Newnan confirmed that T.E.C.H. Ventures, Inc. has never had a license with the city. In the quarterly reports for the city the payment of the occupation tax and business licensing is synonymous. And it is shown on the cities website: [13] **Occupational Tax Certificates (formerly Business Licenses)**

**RE: Business license lookup** ✉

| | | |
|---|---|---|
| **From** | Iris McClung | |
| **To** | inquiries@twilightofthedollar.com | |
| **Date** | 2024-10-04 15:03 | |
| ✉ Summary | 🔵 Headers | ☰ Plain text |

They have never had a business license with the city.

*Iris McClung*
Accounting Specialist, City of Newnan
25 LaGrange Street
P.O. Box 1193
Newnan, GA 30263
Direct: (678) 673-5478
Email: imcclung@newnanga.gov

[14]

---

[13] Occupational Tax Certificates (Formerly Business Licenses)." City of Newnan, GA, https://www.newnanga.gov/251/Occupational-Tax-Certificates-formerly-B#:~:text=The%20Council%20and%20City%20of,current%20annual%20Occupational%20Tax%20Certificate
[14] The full email string cannot be provided because it may Dox a home address of the judge or his late father's home. For context these are all records on the Georgia Secretary of State Website going back to 1991. The full string can be provided under seal but is specifically in reference to T.E.C.H. Ventures, Inc. at 18 Greenville Street

## D. EVEN THE MINIMUM YEARLY $25 INDUCEMENT VIOLATES DUE PROCESS

The Supreme Court has long held that "a fair trial in a fair tribunal is a basic requirement of due process." In re Murchison, 349 U.S. 133, 136 (1955). In Tumey v. Ohio, 273 U.S. 510 (1927), the Court established that subjecting a defendant to trial before a judge with a "direct, personal, substantial pecuniary interest" in convicting them violates due process. [15]

While the $25 gift may seem small, the Court in Tumey rejected the argument that a minor financial interest is negligible, stating, "We cannot regard the prospect of receipt or loss of such an emolument in each case as a minute, remote, trifling, or insignificant interest." The gift in this case created a direct financial interest for the judge in favoring the victim's position, violating the principle that every procedure "which might lead [a judge] not to hold the balance nice, clear, and true between the state and the accused denies the latter due process of law."

- The Gift Created an Appearance of Bias Sufficient to Violate Due Process. Even if actual bias cannot be proven, the appearance of bias alone can be sufficient to violate due process. As the Supreme Court held in Rippo v. Baker, 137 S. Ct. 905 (2017), "a judge may sometimes require recusal even when a judge has no actual bias." The probability of bias, rather than proof of actual bias, is the key consideration. The $25 gift from the victim to the judge created an impermissible appearance of bias that undermined the

---

and an LLC the Judge is an authorized signer for located in Coweta County although addressed as Newnan. The judge can certainly take judicial notice of responsibility that he is a thief and has stolen tax revenue and accepted improper inducements from the city of Newnan for almost 5 years and does not have an occupational tax certificate.
[15] Code of Judicial Ethics - Canon 4D(1), (2), and (3)
MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 19

fairness and integrity of the entire proceedings, including the critical suppression hearing.

• The Gift's Impact on the Suppression Hearing Violated Defendant's Constitutional Rights. The judge's decision in the suppression hearing was crucial in determining what evidence could be admitted at trial. A judge who had received a gift from the victim might be perceived as more likely to rule in favor of admitting evidence that benefits the prosecution, even if the evidence was obtained improperly. This potential bias could have violated Defendant's Fourth Amendment rights against unreasonable searches and seizures, as well as his Fifth and Fourteenth Amendment due process rights.

In addition to the inducements provided by the City of Newnan, the Government has played a role in further compromising the impartiality of the judge by failing to prosecute and hold him accountable for financial misconduct. This misconduct includes both theft of rents owed the United States and the failure to properly disclose free rental emoluments on required judicial ethics disclosure reports. The Government's inaction and potential inducements in this case severely undermine the integrity of the proceedings and call into question the judge's ability to remain impartial.

## A. Judicial Ethics Disclosure Requirements

Federal law mandates that judges file annual judicial ethics disclosure reports, where they must account for all sources of income, gifts, and financial interests that could pose a conflict of interest or raise ethical concerns. These reports are available to the public through the **Judicial Ethics and Financial Disclosure System**, accessible at https://pub.jefs.uscourts.gov/#.

According to these disclosure requirements, judges are obligated to report any **gifts**, including **free rental gifts** provided to them or their affiliated entities, and must account for such benefits at fair market value. In cases where free or discounted rents are provided, judges are required either to report these as gifts or to specify any waivers that exempt the disclosure. Failure to comply with these requirements constitutes a misdemeanor punishable by up to one year in prison and a fine of up to $50,000.

**B. Failure to Disclose Free Rental Benefits and Government Inducement**

A review of the **judicial ethics disclosure reports** reveals that the judge in question has failed to account for free rents provided to his corporation, **T.E.C.H. Ventures, Inc.**, in the section of the report designated for gifts. No waiver has been issued to justify the omission of these benefits. Although the most recent report list the corporation as **T.E.C.H. Venutres, Inc.**, it is highly probable that this is a scrivener's error and the name of the corporation remains unchanged as it hasn't been changed on the Florida or Georgia Secretary of State Websites.

The omission of such substantial financial benefits from the ethics disclosures constitutes a serious violation of federal judicial ethics requirements. This non-disclosure also represents a misdemeanor under the **Judicial Ethics Act**, with penalties of up to $50,000.

Despite this clear violation, the Government has taken no action to prosecute the judge for theft of rents or for non-disclosure of financial benefits in his ethics reports. This failure to prosecute raises concerns about the Government's role in inducing favorable treatment from the judge in exchange for overlooking these financial irregularities. Especially in light of the DOJ being inconsistent in its

MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 21

prosecution of judges receiving improper inducements even much smaller inducements than Batten has received in free rents for using the chambers at 18 Greenville to operate a tax evading den of iniquity[16].

**Mr. Purbeck was Prejudiced by Mr. Battens Scheme.**

> *"Nulli vendemus, nulli negabimus, aut differemus, rectum aut justiciam"*
>
> *"We will not sell, or deny, or delay right or justice to anyone"[17]*

Mr. Purbeck repeatedly demanded his court appointed lawyer file a motion for a speedy trial act violation. Mr. Purbeck explicitly asked Judge Alan Baverman for a speedy trial in a filing in the magistrates court. Mr. Purbeck also asked for a speedy trial in documents this court has taken judicial notice of filed in the N. D. California, the District of Idaho[18] and in the 9th Circuit Court of Appeals. Mr. Hall adamantly refused to file a motion in this court despite Mr. Purbecks requests early and often. It was inexplicable that the government could delay prosecuting for over a year and a half while knowing a prosecution partner had destroyed critical evidence, its own discovery showed that Agent Coffin destroyed evidence and who knows if it was restored in a proper manner because the guy who "recreated" the wiped drive contents left the FBI weeks later before discovery was even produced in the case and there was no evidence produced of how he recreated the data. Mr.

---

[16] "Judge Delgado Heads to Prison." The United States Department of Justice, 26 Apr. 2019, www.justice.gov/usao-sdtx/pr/judge-delgado-heads-prison.

[17] Magna Carta 1297, cl 40

[18] The magistrate repeatedly quotes from a sealed document in the D. Idaho case where Mr. Purbeck requested a speedy trial and even wanted a speedy Convention Against Torture hearing so that his memory wouldn't be hampered further. Yet the court waited 20 months and 18 months post indictment to even have a hearing because the government repeatedly delayed turning over evidence. So memory loss should count against the government. The government provided the defense a copy of the civil suit on Feb 2, 2021 so they were aware of the memory loss.

MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 22

1   Purbeck asked magistrate Baverman for a new lawyer because he wanted a

2   preservation order put in place to prevent the losses that ultimately occurred.

**One of the most important things I have asked him to do is ask for a preservation order. There are several pieces of evidence that have a large possibility of spoliation.**

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**For example I worked for the Ada county Sheriffs office. I know they have a limited timeframe they save body cam evidence. Deputy Pacheco was present for part of my interview. I need a copy of the Axxon body cam evidence he kept of my interview. It will show the signs of heat exhaustion, sunburns and mental confusion. Further, Agent Pinette had a digital audio recorder with him for the entire 7.5 hour period. I want a copy of the audio he recorded as it does not remotely match his 302. It will also show that this was a custodial interrogation not voluntary and my request for a lawyer and the refusal to provide me with a method to contact one.** [19]

11   Five ends of justice continuances amounting to almost a year were issued just for

12   the government to do the job it should have done in the intervening 19 months pre-

13   indictment of turning over evidence it had not previously imaged well outside the

14   bounds allowed by Mitchell. Although this court has refused to acknowledge it,

15   Mr. Purbeck did request his tools of his trade (unimaged by the FBI at that point)

16   in early 2021 in an official 41(g) motion months before being presented to this

17   court. Two years after the prosecution began in March of 2023, the government

18   itself became impatient with this court in the Central District of Illinois, because

19   this court was so prejudicial against its own grand jury that the statutes of

20   limitations were ready to run on an indictment for an event that occurred in early

21   2018. This was months before the magistrate issued his ruling on the one pre-trial

22   issue hearing in this case.

24   Mr. Purbeck even tried to get his lawyer in Illinois to negotiate a plea deal on a

25   tolling agreement for over a year where the government refused to actually abide

_____

[19] Letter to Magistrate Baverman. Titled Rob Purbeck – Request for new attorney sent to Lisa Enix.
MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 23

1  by its target letter to negotiate a plea deal in the Central District of Illinois. Mr.
2  Herskowitz explicitly refused to allow a remedy unless it occurred in Georgia in
3  front of Mr. Batten for the simple reason that he knew Batten was compromised.



From    🔒 rpurbeck@protonmail.com                    ☆ ✔ Jan 24
To      Robert_Scherschligt@fd.org                              ⌄

✉  🗑  ⊟  🏷  ▽  ⋯                              ⤺  ⤺  ⤻

I asked Andrew my Georgia lawyer what the downside would be to letting the
government indict me in Illinois. They are already trying to collect over $100k for URsa
and trying to make this an 8 year sentence which I can't find a comparable sentence. For
example in Washington state the capital one hacker got no jail time.  If I was indicted my
first thing I would demand is a speedy trial since the court in Georgia has been dragging
this on for 3 years now. My main witness that I would want to call for URSA is now dead.
Meanwhile even though the government has been given 3 warnings on Brady materials
they are still "finding" evidence that would have been useful at much earlier stages of the
prosecution.



From    🔒 rpurbeck@protonmail.com                    ☆ ✔ Jan 22
To      Andrew Hall <andrew@h3-law.com>                    ⌃

Monday, January 22nd, 2024 at 12:40 PM

✉  🗑  ⊟  🏷  ▽  ⋯                              ⤺  ⤺  ⤻

I am going to reiterate again that a speedy trial act violation has occurred and I would
like you to file the motion. I can't have a defense because the government took too long
to take this to trial and even stalled with a flagrant lie last July with the phone searches.
My witnesses have died or become unable to travel. I have been prejudiced by the long
delay. For one I can't own a gun currently which is a basic right in Idaho. I have also
became crippled from manual labor because the government harasses my employers.

**Re: Court -- report and recommendation**

From  🔹 rpurbeck@protonmail.com                           ☆ ✈ Oct 30, 2023
To    Andrew Hall                                                           ⌄

✉  🗑  🗂  ◇  ▽  ⋯                                                    ⬿  ⬿  ⇗

So we filed the motion for leave to file a supplemental motion to suppress on July 25th I
believe. It was fully briefed on July 25th. (Briefing doesn't extend the 30 days irrespective only
a hearing extends the time until it occurs or a prospective ends of justice ruling) The court has
30 days to rule on it before the speedy trial clock tolling runs out. It has been 97 days or 96 if
you don't include the filing date. The other motion was as a reaction to a clearly illegal search
and the government acknowledged the illegality by declaring it moot. The mootness isn't a
proper remedy as the government lied to the court in Idaho in order to keep the phones.
Also this time used up by government malfeasance is an error that must be attributed to the
government. So under all the case law I have found in 3–4 days the speedy trial act time runs
out for the second time. And that doesn't include the findings that 5 ends of justice
continuances were to give the government time to produce discovery which means they
weren't ready for trial when they already had a year and a half to prepare. And it doesn't
include the retrospective ends of justice continuance for the court secretary having Covid for
3+ months. Ends of justice continuances require contemporaneous findings when they occur
not after the fact unless contemporaneous findings are in the record. Which we don't have to
my knowledge.

My prejudice is deep. A witness who lived with me during the alleged times included in the
indictment who could provide an alibi died. Sarah is another alibi witness and she got Covid in
April of this year and is now oxygen bound. She must have supplemental oxygen and that
traveling would be far too difficult for her to make it to Georgia with the added burden of
oxygen on top of her disability. Further the government lying to the district court of Idaho
deprived me of the enjoyment of my property that was unsearched and that prejudice has
prevented me from using that valuable equipment and enjoying my photos and old term
papers and deprived me of business records. It's not as though the government can't refile in
Illinois where the statutes of limitations haven't ran out

Sent from Proton Mail for iOS

## Remedy:

## Vacatur of Judgments Due to Judicial Bias, Brady Violations, Illicit Operations, and Irreparable Delays

In light of the judicial bias, government misconduct, Brady violations, Rule 11

violations and the newly discovered evidence indicating an improper inducement

scheme, the defense moves for the vacatur of all judgments. Furthermore, due to

extensive delays caused by the Government, the death of a key witness, memory

loss suffered by both the defendant and key agents, and the unavailability of

critical witnesses, it would be impossible to conduct a fair new trial. The Court

must vacate the judgments and dismiss the case to remedy these constitutional violations and preserve the integrity of the judicial process.

## A. Legal Grounds for Vacatur

As previously argued, under **28 U.S.C. § 455**, a judge must disqualify themselves when their impartiality might reasonably be questioned, and judgments issued under such bias are voidable. In this case, the bias arose from the judge's financial conflicts of interest and illicit operations within the courthouse, and unlawful political contributions which defense only found out about in October/November 2024 when research was initiated by the defendant after a Bloomberg article reported on Mr. Batten receiving extravagant gifts that were more than 10% of his annual salary from a corporation. Moreover, the Government violated its **Brady v. Maryland** obligations by failing to provide exculpatory evidence of its own improper inducements to the judge, severely undermining the defense's ability to obtain a fair trial.

## B. Government-Induced Delays and Inability to Hold a Fair New Trial

Even if the Court were to vacate the judgments and order a new trial, the defense argues that it would be impossible to receive a fair retrial due to the extensive delays and lost evidence. These delays, largely caused by the Government and the Court, have irreparably damaged the defense's ability to present a full and fair case.

### 1. Delayed Provision of Discovery

The Government's handling of discovery in this case has been riddled with delays and inefficiencies. Despite proceedings beginning in **March 2021**, the Government

took **over a year to initially provide discovery**, causing significant delays in the defense's ability to prepare. Further, the Government only provided late discovery material to delay the proceedings as late as **2023**, almost two years into the proceedings, severely hampering the defense's preparation and access to exculpatory evidence.

## 2. Delay Caused by the Court Reporter

In addition to the Government's delays, the defense faced an inexplicable **four-month delay** caused by the court reporter, further compounding the time lost in this already protracted legal battle. This unnecessary delay contributed to the erosion of key evidence and the availability of critical witnesses, making it exceedingly difficult for the defense to maintain a coherent case in the face of mounting procedural obstacles.

## 3. Death of a Critical Defense Witness

During the course of the inexplicable court delay, a **key alibi witness for the defense passed away**, depriving the defense of crucial testimony that could have affected the outcome of the case. The passage of time and the failure to promptly resolve these proceedings has thus directly prejudiced the defense, with no way to recover the lost testimony that was critical to presenting an alibi defense.

## 4. Memory Loss of the Defendant and Government Agents

As early as **January 2021**, defendant reported memory loss to a court in the District of Idaho. The Court took **judicial notice** of the fact that Mr. Purbeck, the defendant, suffers from **memory loss**, a condition that has only worsened with the passage of time. The government became aware on the first week of February 2021

of that fact and then used a 19 month stalling procedure to ensure that defendants memory was even worse before the suppression hearing. The defense argues that this memory loss has severely compromised Mr. Purbeck's ability to recall important details and events relevant to his defense, making a fair retrial impossible.

Moreover, **agents such as Clark Hershberger** have reported that by **2022**, they **no longer had memories of the events in question**. This collective memory loss among critical witnesses, including the defendant and government agents, creates an insurmountable barrier to conducting a fair trial, as key factual details and recollections have been permanently lost.

### 5. Unavailability of Key Witnesses

In addition to the memory issues, several key witnesses have left federal employment and may no longer be available to testify at a retrial. Notably:

- **James Degrood**, who restored the drive wiped by the government primary witness Roderick Coffin, left the **FBI over three years ago** and may not be obtainable as a witness.
- **SSRA Doug Hart**, **Ada County Sheriff Bartlett**, and other individuals critical to the investigation and prosecution have also left the FBI, federal employment, and Ada County further complicating any attempt to gather the necessary testimony and evidence to conduct a fair retrial.

The loss of these key witnesses, combined with the Government's extensive delays and the defendant's deteriorating memory, makes a fair retrial not only improbable but impossible.

## C. Impossibility of a Fair New Trial

Given the above circumstances, it is clear that the defense has been irreparably prejudiced by the Judge and Government's actions and the passage of time. The death of a key alibi witness, the defendant's memory loss, the unavailability of important witnesses, and the delays caused by the Government have made it impossible to fairly re-litigate the case. As such, the only appropriate remedy is to vacate the judgments and dismiss the case.

The Supreme Court has repeatedly emphasized that justice delayed is justice denied. The Government's undue delays, the Court's failure to manage the proceedings in a timely manner, and the resulting loss of critical evidence and witnesses all serve to undermine the defense's right to a fair trial, which is protected by the **Sixth Amendment** of the U.S. Constitution. The extensive delays and the prejudicial impact they have had on the defense cannot be undone by simply vacating the judgments and ordering a new trial. Given the impossibility of a fair retrial, dismissal is the only just and equitable remedy.

## D. Remedy: Vacatur of All Judgments and Dismissal

In light of the **judicial bias, Brady** violations, illicit operations within the courthouse, and the irreparable prejudice caused by the extensive delays, the defense respectfully requests the following relief:

1. **Vacatur of All Judgments**:
   The judgments in this case, rendered by a judge compromised by conflicts of interest and improper inducements, must be vacated as they were issued in violation of the defendant's right to a fair and impartial tribunal.

2. **Dismissal of the Case**:

Given the impossibility of conducting a fair retrial due to the Government's delays, the death of a critical witness, memory loss suffered by the defendant and key agents, and the unavailability of essential witnesses, the defense requests that this Court dismiss the case with prejudice to preserve the defendant's constitutional rights.

## E. Conclusion

For the reasons outlined above, the defense respectfully requests that the Court vacate all judgments, dismiss the case, and return the defendant's property. The extensive delays, the death of key witnesses, and the deterioration of the defendant's memory have rendered a fair trial impossible. The Government's misconduct, compounded by its **Brady** violations and failure to disclose critical inducement information, has irreparably prejudiced the defense, and only a full vacatur and dismissal can remedy the constitutional violations at play in this case.

## SANCTIONS DEMANDED

Furthermore, the Defendant requests that the Court impose sanctions against T.E.C.H. Ventures, Inc. due to the significant damage suffered because of the prolonged delay in this case. Mr. Batten has been unable to give any defendants in his court since December 9th, 2020 the due process they deserved as he was simultaneously running a corrupt scheme to misuse government resources and accept inducements. The extreme passage of time caused by the corporations operations has led to memory loss, and impaired the Defendant's ability to present an adequate defense. This impairment constitutes substantial prejudice, as recognized in **Barker v. Wingo**, 407 U.S. 514 (1972), where the Supreme Court

acknowledged that excessive delay can hinder the defense due to dimming memories and loss of evidence.

The Defendant has been deprived of a fair opportunity to defend himself, which is a fundamental right under the Sixth Amendment. He only pleaded guilty instead of going to trial because he was no longer able to present an adequate defense after a key defense witness died. To address the harm caused by this undue delay and to uphold the integrity of the judicial process, the Defendant seeks appropriate sanctions to compensate for the damages suffered and directly caused by T.E.C.H. Ventures, Inc. and its directors. Mr. Purbeck further demands that the squatting corporation and its directors be forcibly evicted by the U.S. Marshalls and be forever banned from the use of the Newnan Courthouse except to stand trial for public corruption or to utilize the court for 1st amendment purposes.

Signed this ____8th___day of November 2024

/s Robert Purbeck

MOTION FOR RECUSAL/DISMISSAL WITH PREJUDICE- 31

**CERTIFICATE OF SERVICE**

I, Robert Purbeck, hereby certify that on November 9, 2024, I served a copy of the MOTION
FOR RECUSAL OF CHIEF JUDGE TIMOTHY BATTEN SR. DUE TO UNLAWFUL
INDUCEMENTS BY A PARTY AND CONFLICTS OF INTEREST - DISMISSAL WITH
PREJUDICE ON GROUNDS OF VIOLATIONS OF DUE PROCESS -SANCTIONS
DEMANDED upon the following individual:

**Nathan Kitchens**
Richard B. Russell Federal Building
75 Ted Turner Dr. SW, Suite 600
Atlanta, GA 30303-3309
Email: NKitchens@usa.doj.gov

The document was served via:

- **Email:** Sent to NKitchens@usa.doj.gov
- **United States Postal Service:** Mailed to the above address

I declare under penalty of perjury that the foregoing is true and correct.

**Dated:** November 9, 2024

**Signature:** *[signature]*
Robert Purbeck
451 W. Waterbury Drive
Meridian, ID 83646
Phone: (208) 863-6957
Email: rpurbeck@gmail.com
Pro Se Litigant

**PRESS FIRMLY TO SEAL**

**PRESS FIRMLY TO SEAL**

PRIORITY MAIL EXPRESS
FLAT RATE ENVELOPE
POSTAGE REQUIRED

# PRIORITY
# MAIL
# EXPRESS®



CLEARED SECURITY

NOV 12 2024
U.S. MARSHAL SERVICE
Atlanta, Ga.

CLEARED SECURITY

NOV 07 2024
U.S. MARSHALS SERVICE
Atlanta, Georgia

## FLAT RATE
## ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2

**FOR D**

**USE**



| E | US POSTAGE IMI | 934841109101407 | 2000393460 |
|---|---|---|---|

$44.50
SSK
PME

11/09/24   Mailed from 83642   028W2311555

### PRIORITY MAIL EXPRESS®

ROBERT PURBECK                          7.40 oz
451 W WATERBURY DR
MERIDIAN ID 83646-7516                  **RDC 07**

SUNDAY/HOLIDAY DELIVERY
WAIVER OF SIGNATURE REQUESTED

SCHEDULED DELIVERY DAY: 11/11/24 06:00 PM       C039

SHIP
TO:     **CLERK OFFICE**
        **US DISTRICT COURT**
        **75 TED TURNER DR SW**
        **ATLANTA GA 30303-3315**



**USPS TRACKING® NUMBER**

9570 1065 9741 4314 2397 54

- **Gu**
- **Gu**
- **US
an**
- **Pi**
- **Do
(re**
- **Si**

*Mo
sel
Se

**Ins
cla
htt

+Mo

WHEN

**RED.**

This package is made from post-consumer waste. Please recycle – again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023; All rights reserved.









**UNITED STATES
POSTAL SERVICE**®