# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT PURBECK,<br><br>Defendant. | CRIMINAL ACTION FILE<br><br>NO. 3:21-cr-4-TCB |

## **O R D E R**

This case comes before the Court on Defendant Robert Purbeck's pro se motion [130] for recusal. Although the motion was filed on November 12, the docket correctly reflects that it was not entered until November 14. Neither the undersigned nor any member of his chambers staff was aware of the motion until it was entered on the docket at 11:40 a.m. on November 14.

On November 13, the Court presided over Purbeck's sentencing. Neither Purbeck nor his counsel objected to the Court's presiding over the sentencing. In fact, neither mentioned the motion at the sentencing hearing, and as previously stated, the Court was unaware of it.

First, the Court notes that because the judgment has been entered in this case, Purbeck's motion is moot. However, it also fails for multiple reasons.

Purbeck was, at the time he filed his motion, represented by counsel. However, he filed this motion pro se. A party represented by an attorney in an action "may not thereafter appear or act in the party's own behalf. . . ." Local Criminal Rule 57.1(D)(3), NDGa.

> It is the law of this circuit that the right to counsel and the right to proceed pro se exist in the alternative and the decision to permit a defendant to proceed in a hybrid fashion rests in the sound discretion of the trial court. We also give great deference to a district court's interpretation of its local rules.

*Ruiz v. Wing*, 991 F.3d 1130, 1144 (11th Cir. 2021) (citations omitted) (affirming district court's refusal to consider pro se motion filed by party with counsel). For this reason, the Court need not consider Purbeck's motion.

Purbeck's motion is also untimely. Although he refers to the legal standards of 28 U.S.C. § 455(b)(1) and O.C.G.A. § 15-1-8(a)(2),[1] he

---

[1] The Court explains below why a motion under § 455 fails. Because this is a federal case, the Court does not conduct an analysis under O.C.G.A. § 15-1-8(a)(2). However, if that were the governing standard, a motion under that section would fail for the same reasons discussed herein.

states that he "timely invokes 28 U.S.C. § 144 for recusal on the same day after GSA sent notice of the delay" in responding to his FOIA request. [130] at 2.

28 U.S.C. § 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Purbeck's motion is deficient on multiple levels. First, it was filed less than ten days before his sentencing hearing. The motion indicates that it was mailed on November 9 and bears a stamped "Filed" date of November 12. The sentencing was the next day. And Purbeck fails to show good cause for failure to file it earlier. Although he appears to rely on a delay in receiving documents in response to a FOIA request, it appears that he was aware of all of the allegations upon which he based

3

his motion well before that time. In addition, Purbeck includes neither an affidavit nor a certificate of counsel of record indicating that his motion was made in good faith. Thus, Purbeck is not entitled to relief under § 144.

To the extent Purbeck moves for recusal under 28 U.S.C. § 455, the motion also fails. Purbeck indicates that his motion is based upon the allegation that the undersigned's impartiality might reasonably be questioned or that the undersigned "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).

Unlike § 144, § 455 does not explicitly include a timing requirement, but the Eleventh Circuit has held that a motion under § 455 must be timely filed. Here, for the reasons discussed above, it was not. Thus, to the extent Purbeck seeks relief under § 455, it will be denied. *See, e.g.*, *United States v. Siegelman*, 640 F.3d 1159, 1188 (11th Cir. 2011) (holding that untimeliness "is itself a basis upon which to deny" a motion for recusal under § 455 where the motion came long

after the movant had the information which underpinned the recusal motion).[2]

For the foregoing reasons, Purbeck's motion [130] is denied.

IT IS SO ORDERED this 14th day of November, 2024.

_____
Timothy C. Batten, Sr.
Chief United States District Judge

---

[2] Although denying the motion on procedural grounds, the Court notes that Purbeck's motion is littered with factual errors, rendering the motion meritless.