## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **AMENDED** |
| | ) **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) |
| | ) Case Number:   3:21-CR-4-TCB |
| | ) USM Number:   33134-509 |
| ROBERT PURBECK | ) |
| | ) <u>Andrew C. Hall</u> |
| | ) Defendant's Attorney |

**THE DEFENDANT:**

The defendant pleaded guilty to count(s) 1,2.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i) and (c)(2)(B)(iii), and 2 | Computer Fraud and Abuse | March 4, 2021 | 1 and 2 |

The defendant is sentenced as provided in pages 1 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

<u>November 13, 2024</u>
Date of Imposition of Judgment

<u>/s/ Timothy C. Batten, Sr.</u>
Signature of Judge

TIMOTHY C. BATTEN, SR., U. S. DISTRICT JUDGE
Name and Title of Judge

<u>November 15, 2024</u>
Date

DEFENDANT:   ROBERT PURBECK  
CASE NUMBER:   3:21-CR-4-TCB                                                                              Judgment -- Page **2** of **8**

Judgment in a Criminal Case  
Sheet 2 -- Imprisonment

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:  **SIXTY (60) MONTHS as to Counts 1 and 2 each, to run CONSECUTIVELY to each other, FOR A TOTAL OF ONE HUNDRED AND TWENTY (120) MONTHS.**

The court makes the following recommendations to the Bureau of Prisons:  That the Defendant be permitted to participate in the RDAP Program while incarcerated.  That the Defendant be incarcerated at Sheridan FPC.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

_____  
DEPUTY UNITED STATES MARSHAL

DEFENDANT:   ROBERT PURBECK  
CASE NUMBER:  3:21-CR-4-TCB                                                                                           Judgment -- Page **3** of **8**

Judgment in a Criminal Case  
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:  **THREE (3) YEARS as to Counts 1 and 2 each, to run CONCURRENTLY to each other, FOR A TOTAL OF THREE (3) YEARS.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.  Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.
5. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:  ROBERT PURBECK  
CASE NUMBER:  3:21-CR-4-TCB                                                                                                         Judgment -- Page **4** of **8**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:  www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____    Date _____

USPO's Signature _____    Date _____

DEFENDANT:  ROBERT PURBECK
CASE NUMBER:  3:21-CR-4-TCB                                                                                           Judgment -- Page **5** of **8**

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must not access the internet.

You must cooperate with the U.S. Probation Office in the monitoring of any computer system, Internet capable devices, and / or similar electronic devices that you have access. Cooperation includes, but is not limited to, identifying computer systems, Internet capable devices, and / or similar electronic devices (as defined in 18 U.S.C. § 1030(e)(1)) to which you have access and allowing the installation of monitoring software/hardware on said devices. You and/or your probation officer shall inform all parties that access a monitored computer or similar electronic device that the device is subject to search and monitoring. You may be limited to possessing only one personal Internet capable device to facilitate your probation officer's ability to effectively monitor your Internet related activities. You must not remove, tamper with, reverse engineer, or in any way circumvent installed software. You must provide passwords for said computer systems. If able, you must pay the cost of monitoring unless excused by the probation officer.

To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers, computer systems, Internet capable devices, and similar electronic devices (as defined in 18 U.S.C. § 1030(e)(1)) subject to monitoring. These searches shall be conducted for the purpose of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning properly after installation; and to determine whether there have been attempts to circumvent the monitoring software after installation.

You must not engage in an occupation, business, profession, or volunteer activity that would require you to with access to personal identifying information of individuals.   without the prior approval of the probation officer.

You must make full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer. You must provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information.  The probation office may share the financial information with the United States Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You must participate in a mental health treatment program and follow the rules and regulations of that program. Such program may require that you submit to an evaluation and / or testing. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).  You must pay all or part of the costs of the program based on your ability to  pay unless excused by the probation officer.

You must take all mental health medication prescribed by your treating provider. You must pay for all or part of the costs of medication based on your ability to pay unless excused by the probation officer.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release.

DEFENDANT: ROBERT PURBECK
CASE NUMBER: 3:21-CR-4-TCB                                                                                               Judgment -- Page **6** of **8**

You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

You must participate in an alcohol and / or other substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.) You must pay all or part of the costs of the program based on your ability to pay unless excused by the probation officer.

You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not obstruct, attempt to obstruct, or tamper with any testing methods. You must pay all or part of the costs of testing based on your ability to pay unless excused by the probation officer.

You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

You must not use or possess alcohol.

DEFENDANT: ROBERT PURBECK  
CASE NUMBER: 3:21-CR-4-TCB                                    Judgment -- Page **7** of **8**

Judgment in a Criminal Case  
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties.

### Special Assessment

TOTAL        $200

### Restitution

TOTAL        $1,048,702.98

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Restitution Ordered |
|---|---|
| A.Y. | $92,095.00 |
| C.O.N | $113,935.00 |
| N.D. | $400.00 |
| F.M.C. | $138,500 |
| G.H.A.P. | $142,568.85 |
| H.E.C. | $130,174 |
| S.O. | $285,980.13 |
| U.F.C | $145,050 |
| TOTALS | $1,048,702.98 |

**The probation officer will submit the individual victims' full names and addresses to the Clerk of Court for the Northern District of Georgia separately, via memorandum.**

DEFENDANT: ROBERT PURBECK  
CASE NUMBER: 3:21-CR-4-TCB  Judgment -- Page **8** of **8**

\*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.